## RUTTENCUTTER v. CHAPMAN, Banking Com'r. (No. 1897.)*

(Court of Civil Appeals of Texas. El Paso. Nov. 11, 1926. Rehearing Denied Dec. 2, 1926.)

**1. Venue ⊚⟼7—Suit on promissory note may be brought in county where note is payable (Rev. St. 1911, art. 1830, subd. 5).**

Suit based on promissory note, payable in particular county, may be maintained there, even though defendant resided in another county, in view of Rev. St. 1911, art. 1830, subd. 5.

**2. Pleading ⊚⟼111—Controverting affidavit on plea of privilege, signed by plaintiff's attorney, held sufficiently verified.**

Controverting affidavit, in opposition to plea of privilege, signed by attorney for plaintiff before a notary, whose seal was affixed and whose jurat read, "Subscribed and sworn to before me this the 24th day of November, 1924," *held* sufficiently verified.

Error from District Court, Eastland County; E. A. Hill, Judge.

Suit by J. L. Chapman, Banking Commissioner, against W. E. Ruttencutter, in which defendant filed a plea of privilege and plaintiff filed a controverting affidavit. Plea of privilege was overruled, and judgment rendered for plaintiff, and defendant brings error. Affirmed.

Joe F. Orr, of Fort Worth (McGown, McGown & Anderson and Austin F. Anderson, all of Fort Worth, of counsel), for plaintiff in error.

Chastain & Judkins, of Eastland, for defendant in error.

HIGGINS, J. [1, 2] The banking commissioner, by his attorney, O. F. Chastain, brought this suit in the district court of Eastland county, against the plaintiff in error, Ruttencutter, upon a promissory note executed by the latter, payable to a state bank then in the hands of the commissioner for liquidation. On November 19, 1924, Ruttencutter filed a plea of privilege to be sued in Dallas county. On November 24, 1924, the commissioner filed a controverting affidavit. The record discloses that the court set the hearing for December 27, 1924, and notice thereof was served upon Ruttencutter by the sheriff of Dallas county on December 15, 1924. On the date last mentioned the court overruled the plea of privilege, and, no answer to the merits having been filed, judgment was rendered in favor of the commissioner for the amount found to be due upon the note. Nearly six months later Ruttencutter sued out this writ of error, assigning as error that the court was without jurisdiction to overrule the plea of privilege and render judgment upon the merits, because no sufficient controverting affidavit to the plea of privilege had been filed. The controverting affidavit, filed as above shown, states that the plaintiff's cause of action was based upon a promissory note, payable at Eastland, Tex., signed by the defendant, and the cause of action as to venue was within the provisions of subdivision 5, art. 1830, Rev. St. 1911, quoting the substance of said subdivision. The controverting affidavit was signed by Chastain as the attorney for plaintiff, verified before a notary public of Eastland county, whose seal was affixed and whose jurat reads, 'Subscribed and sworn to before me this the 24th day of November, 1924."

In our opinion the controverting affidavit stated facts supporting the venue in Eastland county, was duly verified by the plaintiff's attorney of record, and the notary's jurat was in proper form. The objections urged against it by the plaintiff in error are, in our opinion, wholly without merit. The cases which are cited have no application.

Affirmed.