### DOWNING et al. v. SOUTHWESTERN DRUG CORPORATION.

No. 3877.

Court of Civil Appeals of Texas. Amarillo.
Sept. 28, 1932.

Rehearing Denied Nov. 2, 1932.

Hamilton, Fitzgerald & Grundy, of Memphis, for appellants.

James O. Cade, of Amarillo, for appellee.

JACKSON, J.

This is an appeal from the judgment of the district court of Potter county, overruling the separate pleas of privilege urged by the appellants.

The record, so far as necessary to a disposition of this appeal, discloses that the Southwestern Drug Corporation, incorporated under the laws of the state of Texas, instituted this suit in the district court of Potter county, Tex., on a promissory note dated January 26, 1931, and payable to plaintiff on demand at Amarillo, Tex., against J. C. Downing and H. F. Hemphill, said to reside in Hall county, Tex., and alleged to constitute the firm or copartnership of the City Drug Store at Newlin, Tex.

The defendants each filed his separate plea of privilege to be sued in Hall county, the county of his residence, and specially denied that the note sued on by the plaintiff was payable at Amarillo, Tex., asserting that the note was payable at Newlin in Hall county, Tex.

In due time the plaintiff filed its controverting affidavit, stating that its suit was on a certain promissory note dated January 26, 1931, for the sum of $530.31, and payable to the plaintiff at Amarillo, Tex., in Potter county. That it had sued each of the defendants on said note and that plaintiff does not claim any relief other than for a recovery on said note, refers to its original petition, and sets out the note in hæc verba.

On the trial of the plea of privilege the plaintiff introduced a letter dated January 26, 1931, which is as follows:

"City Drug Store

"J. C. Downing          Fred Hemphill

"Drugs and Drug Sundries,
                    Newlin, Tex., Jan. 26, 1931.
"Mr. M. W. West,
    "Amarillo, Texas.
"Dear Mr. West:
    "We are enclosing herewith a Demand Note for our balance of $530.31. We assure you that we will make payments along as fast as we can on this note.
    "Trusting that this will be satisfactory, we are,
        "Yours very truly,
                "City Drug Store
            "[Signed]    J. C. Downing."

The note sued on was also introduced in evidence, which reads as follows:

"$530.31. Newlin, Texas, Jan. 26, 1931. On demand days after date, for value received, I, we, or either of us promise to pay to the order of Southwestern Drug Corporation, at Amarillo, Five Hundred Thirty and 31/100 Dollars, at their office, Amarillo, Texas, with interest at the rate of ten per cent. per annum from maturity until paid and ten per cent. attorney fee if placed in the hands of an attorney for collection; and the sureties and endorsers hereby waive protest, notice of protest, and notice of non-payment hereof, and guarantee the payment of this note at maturity or any time thereafter, and consent that the time may be extended without notice thereof.

            "City Drug Store
        "By [Signed]    J. C. Downing."
"Due ——— 19—"

The record further shows without contradiction that the plaintiff received the above letter and the above note in due course through the mails at the same time. That the defendants were partners and doing business under the name of City Drug Store at Newlin, Tex. Some other correspondence and exhibits were introduced which we consider it unnecessary to set out.

The court found that plaintiff's suit was on a promissory note executed by the City Drug Store, a copartnership composed of J. C. Downing and H. F. Hemphill, dated January 26, 1931, and payable to plaintiff at Amarillo, Tex.

The appellants present as error the action of the trial court in overruling their respective pleas of privilege: (a) Because the allegations in the controverting affidavit were not sufficient to authorize the court to find that the defendants were partners and as such executed the note in their partnership name; and (b) because the evidence was insufficient to show the execution of the note by the defendants or either of them in the partnership name so as to make it a binding obligation upon them.

There was no exception, either general or special, to the allegations of the controverting affidavit which, if insufficient, could have been amended. Duvall v. Boyer (Tex. Civ. App.) 35 S.W.(2d) 181. And in the absence of such exception all reasonable intendments must be presumed in aid of the pleading. Southern Casualty Company v. Morgan (Tex. Com. App.) 16 S.W.(2d) 533.

We are of the opinion that in the state of this record the allegations in the controverting affidavit, with the references therein made to the original petition, were sufficient to support the judgment of the court.

No objection is urged in this court to the testimony offered, which shows without

controversy that the defendants were a firm or copartnership doing business at Newlin, Tex., under the name of City Drug Store. That the appellee, through its authorized agent M. W. West, received the note in controversy through the mail inclosed in a letter executed by the name City Drug Store by J. C. Downing. That the letter is of even date with the note, describes a demand note for the exact amount for which the note was given, and assures appellee that "we will make payments along as fast as we can on this note." This, together with the other correspondence and documents introduced, in our opinion was sufficient to authorize the court to find that the note was executed by the City Drug Store, a copartnership composed of the defendants, and that it was payable to plaintiff at Amarillo, Tex.

The judgment is affirmed.