### SHIVERS et al. v. HUNDLEY et al.
#### No. 2269.

Court of Civil Appeals of Texas. Waco.
Feb. 6, 1941.

Rehearing Denied March 6, 1941.

Darden & Burleson, of Waco, for appellants.

Naman, Howell & Boswell, of Waco, and Judge Gambill, of Denton, for appellees.

TIREY, Justice.

This is an appeal from a judgment of the district court of McLennan county, overruling the separate pleas of privilege urged by the appellants. The case was tried to the court without a jury, and to an adverse judgment the appellants excepted and gave notice of appeal to this court, and the questions here presented were raised for the first time on appeal.

The judgment of the trial court is assailed mainly on the ground that the oath to each of the controverting affidavits to each of the pleas of privilege is insufficient, and that by reason of the insufficiency of each of the oaths to the controverting pleas, the appellants' pleas of privilege were not controverted under oath as required by Art. 2007, Vernon's Annotated Civil Statutes. We overrule this assignment. The oath to each controverting plea is as follows: "Before me, the undersigned Notary Public in and for McLennan county, Texas, on this day personally appeared Joseph W. Hale, who being by me duly sworn, on his oath deposes and says that he is one of the attorneys for the plaintiffs in the above numbered and entitled cause, and as such is authorized to make this affidavit; that he has access to the investigation reports growing out of the collision aforesaid, and through such reports, he is informed, and on such information alleges that the facts set forth in the foregoing plea are true."

Each controverting affidavit was signed by Joseph W. Hale and verified before a Notary Public, whose seal was affixed and whose jurat reads: "Sworn to and subscribed before me, this the 11th day of October, A. D. 1939."

There was no exception, either general or special, to the allegations of the controverting affidavits nor to the oaths. Appellees, without objection, adduced testimony to sustain the grounds alleged in each of the controverting pleas. It has been repeatedly held that "a controverting affidavit, though defective, is held to be amendable under the same rules and with like effect as other pleadings * * *." Paxton v. First State Bank, Tex.Civ.App., 74 S.W.2d 132, 133; Duvall v. Boyer, Tex. Civ.App., 35 S.W.2d 181. Absent exception, "all reasonable intendments must be presumed in aid of the pleading." Downing v. Southwestern Drug Corp., Tex.Civ. App., 53 S.W.2d 827, point page 828; Southern Casualty Co. v. Morgan, Tex. Com.App., 16 S.W.2d 533. Absent exception and/or motion to strike, we are of the opinion that the verification of the respective pleas was sufficient. Ruttencutter v. Chapman, Tex.Civ.App., 288 S.W. 283, writ refused; 33 Tex.Jur. p. 627, § 175; p. 579, § 139; Rogers v. Alexander, Tex.Civ.App., 289 S.W. 1070, points 2, 3 & 5, page 1071; Fitzgerald v. Browning-Ferris Machinery Co., Tex.Civ.App., 49 S.W.2d 489, point page 492.

The judgment is assailed on the ground that "there was not sufficient evidence of a crime or offense or trespass within the meaning of the venue statute." We overrule this assignment. Appellee sought to maintain venue in McLennan

county under the express provisions of subdivision 9 of Art. 1995, Vernon's Annotated Civil Statutes. We have carefully considered the evidence, and we think it is ample to sustain the judgment of the trial court. It has been repeatedly held that "where an injury is inflicted upon the person or property of another by an affirmative act wrongfully or negligently committed, such act constitutes a trespass * * *." See Barnes v. Moro, Tex.Civ.App., 76 S.W.2d 831, 832, and collation of authorities; Edwards v. Hawkins, Tex.Civ.App., 77 S.W. 2d 1098. Since this suit grows out of an automobile collision that occurred in McLennan county, and since we think the evidence is sufficient to sustain the judgment of the trial court that a trespass was committed in McLennan county, we have pretermitted a statement of the facts.

The judgment of the trial court is affirmed.

HALE, J., took no part in the consideration and disposition of this case.