COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





EDWARD MEKEEL AND ALL
OCCUPANTS OF 6405 HAMPTON
COURT, THE COLONY, TEXAS 75056,

                                    Appellants,

v.

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE CSFB MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2004-CV2,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§

 §

 §




No. 08-10-00122-CV

Appeal from
 County Court at Law No. 2

of Denton County, Texas

(TC # CV-2009-02530)



 

 

 





O P I N I O N

            Edward Mekeel and/or all other occupants (Mekeel) appeal from the ruling in a forcible
detainer action granting possession of the property at issue to U.S. Bank. Mekeel contends in four
issues that the trial court erred in rendering judgment for the Bank because: (1) its pleading is
invalid; (2) the notice to vacate and demand for possession failed to comply with the Texas Property
Code; (3) the substitute trustee’s deed was insufficient to support a prima facie claim of title; and
(4) there was no evidence that Mekeel continued to occupy the property after the Bank demanded
that he vacate. For the reasons that follow, we affirm. 
FACTUAL SUMMARY
            In May 2000, Edward Mekeel and his wife executed a deed of trust granting Washington
Mutual Bank a first lien security interest in real property located at 6405 Hampton Court, The
Colony, Texas, 75056. The deed of trust included the following provision:
If the Property is sold pursuant to this paragraph 21, [Mekeel] or any person holding
possession of the Property through [Mekeel] shall immediately surrender possession
of the Property to the purchaser at that sale. If possession is not surrendered,
[Mekeel] or such person shall be a tenant at sufferance and may be removed by writ
of possession. 

Mekeel defaulted and on August 4, 2009, the property was sold at a non-judicial foreclosure sale. 
On that date, a substitute trustee’s deed was executed conveying the property to U.S. Bank. Select
Portfolio Servicing, Inc., the mortgage servicer for the Bank, sent a notice letter to Mekeel
demanding he vacate the property.
            On August 28, 2009, Select Portfolio filed a petition for forcible detainer in the justice court 
of Denton County, Texas. After a contested hearing, the court entered judgment for Select Portfolio,
granting them immediate possession of the property. Mekeel appealed and on October 12, 2009, the
case was tried de novo before the county court at law. The Bank introduced three exhibits. Exhibit 1
consisted of the substitute trustee’s deed, verified and signed by the substitute trustee, Russell
Stockman. Attached to the substitute trustee’s deed was: (1) an affidavit signed by Mary Cocheu;
and (2) the Notice of Trustee’s Sale, signed by Stockman as substitute trustee on July 13, 2009,
which identified U.S. Bank as the noteholder and Select Portfolio as the mortgage servicer. 
Exhibit 2 was the notice to vacate and demand for possession, dated August 12, 2009, and sent on
behalf of Select Portfolio, the servicing agent. Exhibit 3 was the deed of trust signed by Mekeel in
May 2000. That same day the county court issued its judgment granting Select Portfolio immediate
possession of the property. On November 25, 2009, Mekeel filed an unopposed motion for new trial,
which was granted. The Bank then filed amended pleadings. 
            On January 20, 2010, the county court at law tried the case a second time. The day before,
Mekeel filed a motion to strike the Bank’s amended pleading and a plea in abatement and answer
subject to the plea. The motion to strike alleged that the case should be dismissed because the
original pleadings identified Select Portfolio as the owner of the property when in fact it was not. 
Therefore, according to Mekeel, Select Portfolio did not have standing and dismissal was required. 
The plea in abatement claimed that the original petition was not properly verified because the Bank’s
attorney did not attest that he had actual personal knowledge of the factual allegations contained
within the Petition for Forcible Detainer. The plea in abatement also attacked the affidavit attached
to the substitute trustee’s deed, claiming it was insufficient to support a prima facie claim of title. 
No ruling on these pleadings appears in the record. 
            During the second trial, the Bank presented the same three exhibits. Once again the court
rendered judgment granting the Bank immediate possession. This appeal follows.
FORCIBLE DETAINER
            A forcible detainer action is designed to determine the right to immediate possession of real
property where there is no claim of unlawful entry. Williams v. Bank of New York Mellon, 315
S.W.3d 925, 926 (Tex.App.--Dallas 2010, no pet.); Rice v. Pinney, 51 S.W.3d 705, 709 (Tex.App.--Dallas 2001, no pet.). Under Texas law, a tenant who refuses to surrender possession of the subject
property on demand commits a forcible detainer. Tex.Prop.Code Ann. § 24.002(a)(West 2000). 
            A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain
immediate possession of property. Marshall v. Housing Authority of the City of San Antonio, 198
S.W.3d 782, 787 (Tex. 2006); Scott v. Hewitt, 127 Tex. 31, 90 S.W.2d 816, 818-19 (1936). The only
issue is the right to actual possession, and the merits of title shall not be adjudicated. See 
Tex.R.Civ.P. 746; Williams, 315 S.W.3d at 927; Cattin v. Highpoint Village Apartments, 26 S.W.3d
737, 738-39 (Tex.App.--Fort Worth 2000, pet. dism’d w.o.j.). Even if a title dispute exists, when
the deed of trust establishes a landlord-tenant relationship at sufferance, the relationship provides
an independent basis for determining the right to immediate possession without resolving the
ultimate issue of title to the property. Dormandy v. Dinero Land & Cattle Co., L.C., 61 S.W.3d 555
(Tex.App.--San Antonio 2001, pet. dism’d w.o.j.). 
             To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only
required to present sufficient evidence of ownership to demonstrate a superior right to immediate
possession of the premises. Gibson v. Dynegy Midstream Services, L.P., 138 S.W.3d 518, 522
(Tex.App.--Fort Worth 2004, no pet.); Rice, 51 S.W.3d at 709. In fact, whether a sale pursuant to
a deed of trust is invalid may not be determined in a forcible detainer action. Id.
            On appeal, Mekeel brings four issues challenging the judgment for possession. In Issue One,
he claims the affidavit attached to the amended petition is deficient. In Issues Two and Three, he
contends that the Bank failed to comply with the Texas Property Code. Finally, in Issue Four, he
complains there is no evidence to prove he continued to occupy the property after the Bank
demanded possession. 
Validity of the PleadingsIn Issue One, Mekeel argues that the petition for forcible detainer was not a valid pleading. 
Initially we note that objections to pleadings--including objections to an affidavit based on the
affiant’s knowledge, information, and belief, when objectionable in form--must be raised prior to
trial. Mekeel counters that because the pleading is not a valid pleading on which judgment could
be granted, he was not even required to file an answer. He also argues that the defect is jurisdictional
and may be raised at any time. We disagree. 
            First, we find nothing in the record to support the contention that this issue was properly
raised and presented to the trial court. In fact, Mekeel never set the plea in abatement for a hearing,
and the trial court did not hear the plea or rule on it.


 Any objections to the pleadings raised in the
plea in abatement have been waived. See Shiffers v. Estate of Ward, 762 S.W.2d 753, 755
(Tex.App.--Fort Worth 1988, writ denied). 
            Second, even if Mekeel preserved error, the arguments lack merit. The original petition
designated Select Portfolio as Plaintiff. By contrast, the amended petition named U.S. Bank as
Plaintiff. A sworn affidavit accompanied each of the pleadings. Jack O’Boyle, counsel for the Bank,
signed the sworn affidavit attached to the original petition. A different attorney with Jack O’Boyle
& Associates, signed the sworn verification of the amended petition. Mekeel argues that since each
pleading contains an affidavit claiming the affiant had personal knowledge the facts were true and
correct, and because the petitions claimed two different plaintiffs as owner of the property, then, “[i]f
the affidavit of one of the attorneys was true, the other was necessarily untrue.”


 Mekeel further
contends that two attorneys successively swearing that two different entities owned the property is
not sufficient to meet the personal knowledge requirement under Rules of Civil Procedure 739, 93,
“or other applicable rules.”


 These contentions are directly at odds with the applicable law. 
            Texas Rule of Civil Procedure 65 (“Substituted Instrument Takes Place of Original”)
provides:
Unless the substituted instrument shall be set aside on exceptions, the instrument for which
it is substituted shall no longer be regarded as a part of the pleading in the record of the
cause, unless some error of the court in deciding upon the necessity of the amendment, or
otherwise in superseding it, be complained of, and exception be taken to the action of the
court, or unless it be necessary to look to the superseded pleading upon a question of
limitation.

Tex.R.Civ.P. 65. The purpose of filing an amended petition is to add something to, or withdraw
something from, that which has been previously pleaded, and when an amended pleading is filed,
it supplants all former pleadings. See Hatley v. Schmidt, 471 S.W.2d 440, 442 (Tex.Civ.App. 1971,
writ ref’d n.r.e); CIGNA Insurance Company v. TPG Store, Inc., 894 S.W.2d 431, 434 (Tex.App.--Austin 1995, no writ); see also Sheerin v. Exxon Corp., 923 S.W.2d 52, 55 (Tex.App.--Houston [1st
Dist.] 1995, no writ)(general rule is that an amended pleading takes the place of the original pleading
and that original pleading is superceded and is no longer part of the live pleadings); Wren v. Texas
Employment Com’n, 915 S.W. 2d 506, 508 (Tex.App.--Houston [14th Dist.] 1995, no pet.)(an
amended pleading supercedes and completely replaces all previous pleadings); Elliott v. Methodist
Hosp., 54 S.W.3d 789, 793-94 (Tex.App.--Houston [1st Dist.] 2001, pet. denied)(a plaintiff’s timely
filed amended pleading supercedes all previous pleadings and becomes the controlling petition in
the case regarding theories of recovery). Thus, the only pleading before the trial court in the January
20, 2010 hearing was the first amended petition. See Tex.R.Civ.P. 65.
            Mekeel also challenges the affidavit because it fails to meet the personal knowledge
requirements under Rule 739, which provides that a forcible detainer action is initiated by filing a
“written sworn complaint” with a justice of the peace. See Tex.R.Civ.P. 739. A sworn pleading is
one verified by affidavit under the sanction of an oath. Reagan v. NPOT Partners I, L.P., No. 06-08-00071-CV, 2009 WL 763565, *1 (Tex.App.--Texarkana March 25, 2009, pet. dism’d
w.o.j.)(mem.op.), quoting 58 Tex.Jur.3d Pleadings § 65 (2006). A valid verification must be based
on personal knowledge. Id.; Kerlin v. Arias, 274 S.W.3d 666 (Tex. 2008). Any qualifying verbiage,
such as a statement that the affidavit is “based on the best of one’s personal knowledge,” renders the
affidavit legally invalid. See Reagan, 2009 WL 763565 at *1, *2. Here, the verification attached
to the amended petition states in part: 
I am an authorized agent acting on behalf of the Plaintiff in this action and capable
of making this verification. I have read the Plaintiff’s First Amended Petition for
Forcible Detainer. The facts stated in it are within my personal knowledge and are
true and correct. 
 
There is no qualification which would render this affidavit defective. 
            Nor do we find merit in Mekeel’s contention that this challenge is jurisdictional and may be
raised at any time. Even if we were to find a defect in the verification, several recent decisions have
found that where a defect exists, it is not jurisdictional and does not deprive the county court of
jurisdiction to hear the forcible detainer action. Even Reagan--upon which Mekeel relies--
concluded that the defective verification did not deprive the county court of jurisdiction. Reagan,
2009 WL 763565 at *2-3. See also, Shutter v. Wells Fargo Bank, N.A., 318 S.W.3d 467, 469
(Tex.App.--Dallas 2010, pet. dism’d w.o.j.); Fleming v. Fannie Mae, No. 02-09-00445-CV, 2010
WL 4812983 *1 (Tex.App.--Fort Worth Nov. 24, 2010, no pet.). We overrule Issue One. 
Compliance with Texas Property Code and Prima Facie Claim
            In Issues Two and Three, Mekeel contends that U.S. Bank failed to comply with the Texas
Property Code in two particulars. In Issue Two, he complains that the notice to vacate and demand
for possession was not sent by a person entitled to possession and was not in the proper form. See
Tex.Prop.Code Ann. §§ 24.002, 24.005. In Issue Three, he argues that the substitute trustee’s deed,
through which U.S. Bank claims title, was insufficient to support a prima facie claim of title because
the deed was not supported by an unqualified affidavit of a person with personal knowledge. See
Tex.Prop.Code Ann. § 51.002(e)(West Supp. 2010). 
Notice to Vacate and Demand for Possession 
            The notice to vacate letter was issued on behalf of Select Portfolio and not on behalf of U.S.
Bank., leading Mekeel to conclude that the demand was fatally defective. The Property Code
requires that the demand for possession be written by a person entitled to possession of the property,
and must comply with the notice to vacate requirements under Section 24.005.


 Tex.Prop.Code
Ann. § 24.002(b). Mekeel complains that no valid demand for possession exists because the letter
does not state that it is made on behalf of U.S. Bank. 
            The decision to admit or exclude evidence is within the trial court’s sound discretion. 
Interstate Northborough Partnership v. State, 66 S.W.3d 213, 220 (Tex. 2001); Owens-Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). On appeal, we review a trial court’s
evidentiary decisions by an abuse of discretion standard. See Owens, 972 S.W.2d at 43; Jackson
v. Van Winkle, 660 S.W.2d 807, 809-10 (Tex. 1983). The test for abuse of discretion is not whether,
in our opinion, the facts present an appropriate case for the trial court’s actions. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). Rather, it is a question of
whether the trial court acted without reference to any guiding rules and principles. Id. In other
words, we must determine whether the court’s rulings were arbitrary or unreasonable. Id. at 242. 
The mere fact that a trial court may decide a matter within its discretionary authority in a different
manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of
discretion has occurred. Id. Nor does a mere error of judgment amount to an abuse of discretion. 
Loftin v. Martin, 776 S.W.2d 145, 146 (Tex. 1989).
            To obtain a reversal based on the erroneous admission of evidence, Mekeel must show: (1)
the trial court erroneously admitted evidence; (2) no other similar evidence was admitted; and (3)
the error probably caused the rendition of an improper judgment. See Tex.R.App.P. 44.1; Pickett
v. Texas Mut. Ins. Co., 239 S.W.3d 826, 839 (Tex.App.--Austin 2007, no pet.), citing Gee v. Liberty
Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989). We find no abuse of discretion. 
            Mekeel’s appellate issue does not comport with the objection raised at trial-- a complaint that
the proffering witness did not properly authenticate the document. An objection must specifically
state the grounds for which it is based. Tex.R.App.P. 33. Accordingly, this argument has not been
preserved for appeal. Even had error been preserved, we would find no abuse of discretion in
admitting the letter sent on behalf of Select Portfolio as evidence Mekeel had notice to vacate. He
did not object to Exhibits 1 and 3, the substitute trustee’s deed, and the deed of trust, respectively. 
Exhibit 1 contained a copy of the “Notice of Trustee’s Sale,” which named Select Portfolio as the
mortgage servicer on behalf of the noteholder, U.S. Bank. This notice further stated that: 
The Mortgage Servicer is authorized to represent the Noteholder by virtue of a
servicing agreement with the Noteholder. Pursuant to the Servicing Agreement and
Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the
debt and to administer any resulting foreclosure of the property securing the above
referenced loan. 

Additionally, the deed of trust specifically states that upon a foreclosure sale of the property, Mekeel: 
 
[S]hall immediately surrender possession of the Property to the purchaser at that sale. 
If possession is not surrendered, [Mekeel] shall be a tenant at sufferance and may be
removed by writ of possession. 

The notice to vacate and demand for possession specifically identified Select Portfolio, as the
servicing agent, referring to the company only as Select Portfolio Servicing, Inc, Servicing Agent. 
Finding no abuse of discretion, we overrule Issue Two. 
Substitute Trustee’s Deed 
            In Issue Three, Mekeel claims that the trial court erred in admitting the substitute trustee’s
deed because the affidavit signed by Mary Cocheu contained fatal flaws. He points to the failure of
the affidavit to identify Cocheu’s qualifications as to (1) her knowledge or the basis of it, or as to her
position or capacity with respect to the transaction; and (2) it is not made of unqualified personal
knowledge. 
            An objection that an affidavit is not based on personal knowledge is an objection to a defect
in form. Cooper v. Circle Ten Council Boy Scouts of America, 254 S.W.3d 689 (Tex.App.--Dallas
2008, no pet.). As a prerequisite to presenting a complaint for appellate review, such an objection
must be timely and specifically raised, and a ruling obtained. See Tex.R.App.P. 33.1(a); Walnut
Equipment Leasing Co. v. J-V Dirt & Loam, 907 S.W.2d 912 (Tex.App.--Austin 1995, writ denied);
see also Shivers v. Hundley, 148 S.W.2d 440 (Tex.Civ.App.--Waco 1941, no writ)(holding that an
affidavit based on the affiant’s personal knowledge, information, and belief, when objectionable in
form, is a typical case for special exception, in the absence of which any objection on that score is
deemed to be waived).
            At trial, the substitute trustee’s deed was offered and admitted without objection. Although
the validity of the affidavit was addressed in the plea in abatement, Mekeel failed to object on this
basis during the trial. It is thus not preserved for appellate review. Tex.R.App.P. 33; see Walnut, 907
S.W.2d at 912 (holding that: (1) where Walnut specially excepted to an affidavit attached to a motion
to dissolve, on the basis that it did not show affiant’s personal knowledge, but failed to obtain a ruling
on its exception, Walnut waived the claim for review; and (2) because Walnut never objected in the
trial court that the motion to dismiss garnishment action was unsworn, he waived any such complaint
on appeal). Moreover, whether the sale of property under a deed of trust is invalid may not be
determined in a forcible detainer but must be brought in a separate suit. Fleming, 2010 WL 4812983,
at *4; Williams, 315 S.W.3d at 927; Scott, 127 Tex. at 35, 90 S.W.2d at 818-19; Rice, 51 S.W.3d at
710. 
            Mekeel next contends that the Cocheu affidavit is not made of unqualified personal
knowledge. There no such qualifying statement present here, but even where a verification defect
exists, the county court is not deprived of jurisdiction to determine the right to possession in a forcible
detainer suit. See Reagan, 2009 WL 763565, at *2; Ryland Group, Inc. v. Hood, 924 S.W.2d 120,
122 (Tex. 1996).
            U.S. Bank sufficiently demonstrated its right to possession of the property by introducing into
evidence the substitute trustee’s deed, the deed of trust, and the notice to vacate. The substitute
trustee’s deed evidenced U.S. Bank purchased the property following Mekeel’s default. The deed of
trust evidenced Mekeel’s status as a tenant at sufferance after failing to vacate the property. Finally,
the notice to vacate informed Mekeel and his wife of their tenant-at-sufferance status and the
requirement they vacate the property. This evidence was sufficient to establish the Bank’s right to
immediate possession of the property. See Mitchell v. Citifinancial Mortg. Co., 192 S.W.3d 882, 883
(Tex.App.--Dallas 2006, no pet.); Powelson v. U.S. Bank National Ass’n, 125 S.W.3d 810, 812
(Tex.App.--Dallas 2004, no pet.); see also Williams, 315 S.W.3d at 925, 927 (where appellant argued
that the substitute trustee’s deed tendered to the court was insufficient to support a prima facie claim
of title because the affidavit, signed by an employee of the mortgage servicer’s law firm’s subsidiary
stated in part, “to the best of my knowledge and belief, proper notice of default was served prior to
acceleration of the indebtedness,” the court held that the alleged defect was not relevant to whether
the mortgagee established its entitlement to a writ of possession via a forcible detainer action). 
Further, any defects in the foreclosure process or with U.S. Bank’s title to the property may not be
considered in a forcible detainer action. See Shutter, 318 S.W.3d at 471; Williams, 315 S.W.3d at
927, citing Scott, 127 Tex. at 35, 90 S.W.2d at 818-19. To the extent MeKeel attacks the prima facie
proof to support the forcible detainer action, his issues actually attack the underlying foreclosure
procedure. See Clarkson v. Deutsche Bank Nat. Trust Co., 331 S.W.3d 837, 839 (Tex.App.--Amarillo
2011, no pet.), citing Williams, 315 S.W.3d at 927. As we have already stated, a forcible detainer
action is not the proper avenue to attempt such an action; rather, Mekeel should pursue such defects,
if any, in a wrongful foreclosure action or suit to set aside the substitute trustee’s deed. See Clarkson,
331 S.W.3d at 839-49, citing Scott, 90 S.W.2d at 818-19. We overrule Issue Three.
Sufficiency of the Evidence
            In Issue Four, Mekeel argues that there was no evidence he refused to vacate the property. 
A no-evidence challenge requires this court to review all evidence in the light most favorable to the
verdict, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary
evidence unless a reasonable fact finder could not. City of Keller v. Wilson, 168 S.W.3d 802, 827
(Tex. 2005). In a bench trial, the trial court is the finder of fact and may take into consideration all
the facts and surrounding circumstances in connection with the testimony of each witness and accept
or reject all or any part of that testimony. Southwestern Bell Media, Inc. v. Lyles, 825 S.W.2d 488,
493 (Tex.App.--Houston [1st Dist.] 1992, writ denied). If more than a scintilla of evidence exists in
the record to support the finding, then the no evidence challenge fails. See Tarrant Regional Water
Dist. v. Gragg, 151 S.W.3d 546, 552 (Tex. 2004). A scintilla of evidence is evidence so weak that
it creates no more than a surmise or suspicion of the existence of the fact sought to be proven. See
Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004). 
            At trial, U.S. Bank offered a substitute trustee’s deed and a deed of trust into evidence without
objection. The substitute trustee’s deed named U.S. Bank as the owner of the property pursuant to
a foreclosure sale, and the deed of trust provided that Mekeel would become a tenant at sufferance
if he failed to surrender possession of the property immediately following the sale. Mekeel
acknowledges that the Bank introduced evidence of a demand to vacate. Th only question, then, is
whether he disregarded the demand.
            Several courts have addressed this issue. In Powelson v. U.S. Bank National Ass’n, 125
S.W.3d 810 (Tex.App.--Dallas 2004, no pet.), the Fifth District Court of Appeals held the facts were
sufficient to demonstrate plaintiff’s entitlement to possession of the property where the complaint
stated: (1) that Powelson defaulted on his note and that plaintiff foreclosed on its lien, terminating
Powelson’s right to possession of the property; and (2) that Powelson was given notice to vacate the
premises pursuant to Section 24.006 of the Texas Property Code and that he refused to do so. 
Powelson, 125 S.W.3d at 811. Similarly, in Rodriguez v. Citimortgage, Inc., No. 03-10-00093-CV,
2011 WL 182122, *6 (Tex.App.--Austin Jan. 6, 2011, no pet.)(mem. op., not designated for
publication), the court handled this identical issue in a single paragraph stating: 
In her fourth point of error, Rodriguez asserts that the trial court erred in rendering
judgment for Citimortgage because there was ‘no evidence’ that Rodriguez had
refused to vacate the property after demand was made. We reject that assertion. 
Among other things, Rodriguez has tacitly conceded that she has remained in
possession of the property by continuing to prosecute appeals from and superseding
lower court judgments awarding Citimortgage possession. If she had relinquished
possession, her appeals regarding the parties’ competing claims to possession would
be moot. See Marshall v. Housing Auth. of City of San Antonio, 198 S.W.3d 782, 787
(Tex. 2006). We overrule Rodriguez’s fourth point of error. 
 
Id. at *6. 
 
            The record reflects the Bank’s complaint that Mekeel refused to vacate the premises after a
written demand to do so. Additionally, the following documents were before the court: (1) an appeal
bond which was signed by Mekeel, listing his address as, “6405 Hampton Court, The Colony, Texas
75056,” and filed by Mekeel in order to obtain the trial de novo in the county court at law; and (2)
a USPS confirmation evidencing that on September 28, 2009, Mekeel signed for a certified mail item
delivered to 6405 Hampton Court. Finally, as in Rodriguez, after the justice court granted possession
to the Bank, Mekeel has continued to pursue appeals. There is more than a scintilla of evidence that
Mekeel refused to vacate the premises after proper demand had been made. See Rodriguez, 2011 WL
182122 at *6; Powelson,125 S.W.3d at 811. We overrule Issue Four and affirm the judgment of the
court below. 
 
August 24, 2011                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice
 
Before Chew, C.J., McClure, and Rivera, JJ.