**Richard POWELSON, Appellant,**

v.

**U.S. BANK NATIONAL ASSOCIATION as Trustee, Appellee.**

**No. 05–02–01574–CV.**

Court of Appeals of Texas, Dallas.

Jan. 28, 2004.

Richard Powelson, Lancaster, TX, pro se.

David Lee Harvey Payne and Patrick D. Sullivan, Houston, for Appellee.

Before Justices MORRIS, WRIGHT, and RICHTER.

## OPINION

Opinion by Justice MORRIS.

This is an appeal of a judgment granting possession of certain premises to U.S. Bank National Association as trustee. Appellant Richard Powelson contends in a single point of error that the evidence supporting the judgment is insufficient as a matter of law. Specifically, Powelson contends that U.S. Bank's complaint for forcible detainer did not sufficiently describe the land or premises for which it sought possession and failed to allege a right to immediate possession. We conclude Powelson's contentions are without merit and we affirm the trial court's judgment.

The facts of the case are largely undisputed. Powelson was the record owner of certain premises located at 245 South Houston School Road in Dallas County, Texas. Powelson became delinquent in paying his mortgage and eventually defaulted on his note. In response, U.S. Bank accelerated the note and foreclosed on the property. According to U.S. Bank, Powelson refused to vacate the property, forcing U.S. Bank to file a forcible entry and detainer action in Dallas County Justice Court. Following a trial on the merits, the court ruled in favor of U.S. Bank and awarded the bank immediate possession. Powelson appealed the justice court's ruling to the Dallas County Court at Law, and the county court, once again, ruled in favor of U.S. Bank. Powelson now brings this appeal challenging the sufficiency of U.S. Bank's complaint for forcible detainer.

Under rule 741 of the Texas Rules of Civil Procedure, a complaint for forcible entry and detainer "shall describe the lands, tenements or premises, the possession of which is claimed, with sufficient certainty to identify the same. . . ." Tex.R.

CIV. P. 741. This court has held that a street address is sufficiently certain to identify the premises made the subject of the detainer action. *See Stewart v. Breese,* 367 S.W.2d 72, 73 (Tex.Civ.App.-Dallas 1963, writ dism'd). U.S. Bank's complaint stated that the property being made the subject of the action was located at "245 S. Houston School Rd., Dallas, Dallas County, Texas 75146." Powelson does not contend that he was misled or confused by the complaint's identifying information. In fact, Powelson offers no argument whatsoever to support his contention that the identifying information was lacking in some way. We conclude the address set forth in the complaint sufficiently identified the premises at issue for the purposes of rule 741.

■ Rule 741 also requires that the complaint "state the facts which entitle the complainant to possession. . . ." TEX.R. CIV. P. 741. The complaint in this case states that Powelson defaulted on his note and that U.S. Bank foreclosed on its lien thereby terminating Powelson's right to possession of the property. The complaint further states that Powelson was given notice to vacate the premises pursuant to section 24.006 of the Texas Property Code and that he refused to do so. These facts are sufficient to demonstrate U.S. Bank's entitlement to possession of the property.

We overrule Powelson's single point of error and affirm the trial court's judgment.