COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| EDWARD MEKEEL AND ALL OCCUPANTS OF 6405 HAMPTON COURT, THE COLONY, TEXAS 75056, | § | No. 08-10-00122-CV |
| | § | |
| Appellants, | | Appeal from |
| | § | |
| v. | | County Court at Law No. 2 |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE CSFB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-CV2, | § | of Denton County, Texas |
| | § | (TC # CV-2009-02530) |
| | § | |
| Appellee. | § | |

**O P I N I O N**

Edward Mekeel and/or all other occupants (Mekeel) appeal from the ruling in a forcible detainer action granting possession of the property at issue to U.S. Bank. Mekeel contends in four issues that the trial court erred in rendering judgment for the Bank because: (1) its pleading is invalid; (2) the notice to vacate and demand for possession failed to comply with the Texas Property Code; (3) the substitute trustee's deed was insufficient to support a *prima facie* claim of title; and (4) there was no evidence that Mekeel continued to occupy the property after the Bank demanded that he vacate. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

In May 2000, Edward Mekeel and his wife executed a deed of trust granting Washington Mutual Bank a first lien security interest in real property located at 6405 Hampton Court, The

Colony, Texas, 75056. The deed of trust included the following provision:

> If the Property is sold pursuant to this paragraph 21, [Mekeel] or any person holding possession of the Property through [Mekeel] shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, [Mekeel] or such person shall be a tenant at sufferance and may be removed by writ of possession.

Mekeel defaulted and on August 4, 2009, the property was sold at a non-judicial foreclosure sale. On that date, a substitute trustee's deed was executed conveying the property to U.S. Bank. Select Portfolio Servicing, Inc., the mortgage servicer for the Bank, sent a notice letter to Mekeel demanding he vacate the property.

On August 28, 2009, Select Portfolio filed a petition for forcible detainer in the justice court of Denton County, Texas. After a contested hearing, the court entered judgment for Select Portfolio, granting them immediate possession of the property. Mekeel appealed and on October 12, 2009, the case was tried *de novo* before the county court at law. The Bank introduced three exhibits. Exhibit 1 consisted of the substitute trustee's deed, verified and signed by the substitute trustee, Russell Stockman. Attached to the substitute trustee's deed was: (1) an affidavit signed by Mary Cocheu; and (2) the Notice of Trustee's Sale, signed by Stockman as substitute trustee on July 13, 2009, which identified U.S. Bank as the noteholder and Select Portfolio as the mortgage servicer. Exhibit 2 was the notice to vacate and demand for possession, dated August 12, 2009, and sent on behalf of Select Portfolio, the servicing agent. Exhibit 3 was the deed of trust signed by Mekeel in May 2000. That same day the county court issued its judgment granting Select Portfolio immediate possession of the property. On November 25, 2009, Mekeel filed an unopposed motion for new trial, which was granted. The Bank then filed amended pleadings.

On January 20, 2010, the county court at law tried the case a second time. The day before, Mekeel filed a motion to strike the Bank's amended pleading and a plea in abatement and answer

subject to the plea. The motion to strike alleged that the case should be dismissed because the original pleadings identified Select Portfolio as the owner of the property when in fact it was not. Therefore, according to Mekeel, Select Portfolio did not have standing and dismissal was required. The plea in abatement claimed that the original petition was not properly verified because the Bank's attorney did not attest that he had actual personal knowledge of the factual allegations contained within the Petition for Forcible Detainer. The plea in abatement also attacked the affidavit attached to the substitute trustee's deed, claiming it was insufficient to support a *prima facie* claim of title. No ruling on these pleadings appears in the record.

During the second trial, the Bank presented the same three exhibits. Once again the court rendered judgment granting the Bank immediate possession. This appeal follows.

### FORCIBLE DETAINER

A forcible detainer action is designed to determine the right to immediate possession of real property where there is no claim of unlawful entry. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926 (Tex.App.--Dallas 2010, no pet.); *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex.App.--Dallas 2001, no pet.). Under Texas law, a tenant who refuses to surrender possession of the subject property on demand commits a forcible detainer. TEX.PROP.CODE ANN. § 24.002(a)(West 2000).

A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Housing Authority of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818-19 (1936). The only issue is the right to actual possession, and the merits of title shall not be adjudicated. *See* TEX.R.CIV.P. 746; *Williams*, 315 S.W.3d at 927; *Cattin v. Highpoint Village Apartments,* 26 S.W.3d 737, 738-39 (Tex.App.--Fort Worth 2000, pet. dism'd w.o.j.). Even if a title dispute exists, when the deed of trust establishes a landlord-tenant relationship at sufferance, the relationship provides

an independent basis for determining the right to immediate possession without resolving the ultimate issue of title to the property. *Dormandy v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555 (Tex.App.--San Antonio 2001, pet. dism'd w.o.j.).

To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession of the premises. *Gibson v. Dynegy Midstream Services, L.P.*, 138 S.W.3d 518, 522 (Tex.App.--Fort Worth 2004, no pet.); *Rice*, 51 S.W.3d at 709. In fact, whether a sale pursuant to a deed of trust is invalid may not be determined in a forcible detainer action. *Id*.

On appeal, Mekeel brings four issues challenging the judgment for possession. In Issue One, he claims the affidavit attached to the amended petition is deficient. In Issues Two and Three, he contends that the Bank failed to comply with the Texas Property Code. Finally, in Issue Four, he complains there is no evidence to prove he continued to occupy the property after the Bank demanded possession.

### Validity of the Pleadings

In Issue One, Mekeel argues that the petition for forcible detainer was not a valid pleading. Initially we note that objections to pleadings--including objections to an affidavit based on the affiant's knowledge, information, and belief, when objectionable in form--must be raised prior to trial. Mekeel counters that because the pleading is not a valid pleading on which judgment could be granted, he was not even required to file an answer. He also argues that the defect is jurisdictional and may be raised at any time. We disagree.

First, we find nothing in the record to support the contention that this issue was properly raised and presented to the trial court. In fact, Mekeel never set the plea in abatement for a hearing,

and the trial court did not hear the plea or rule on it.[1]  Any objections to the pleadings raised in the

plea in abatement have been waived.  *See Shiffers v. Estate of Ward*, 762 S.W.2d 753, 755

(Tex.App.--Fort Worth 1988, writ denied).

Second, even if Mekeel preserved error, the arguments lack merit.  The original petition

designated Select Portfolio as Plaintiff.  By contrast, the amended petition named U.S. Bank as

Plaintiff.  A sworn affidavit accompanied each of the pleadings.  Jack O'Boyle, counsel for the Bank,

signed the sworn affidavit attached to the original petition.  A different attorney with Jack O'Boyle

& Associates, signed the sworn verification of the amended petition.  Mekeel argues that since each

pleading contains an affidavit claiming the affiant had personal knowledge the facts were true and

correct, and because the petitions claimed two different plaintiffs as owner of the property, then, "[i]f

the affidavit of one of the attorneys was true, the other was necessarily untrue."[2]  Mekeel further

contends that two attorneys successively swearing that  two different entities owned the property is

not sufficient to meet the personal knowledge requirement under Rules of Civil Procedure 739, 93,

"or other applicable rules."[3] These contentions are directly at odds with the applicable law.

---

[1]  Contrary to Mekeel's statements, the record shows that before he called his first witness, counsel for the Bank informed the court that Mekeel had filed a plea in abatement and an answer subject to the plea.  When the court inquired if the plea was set for that day, counsel for Mekeel responded that the plea had not been set for hearing.

[2]  Section II of the original petition which names Select Portfolio as Plaintiff states:

> Plaintiff would show unto this Court that it is the owner of the Subject Property by virtue of a Substitute Trustee's Deed.  As evidenced by such trustee's deed, Plaintiff, or its authorized servicing agent mortgage company, acquired the property as a result of the foreclosure sale of the lien created by the deed of trust executed by Defendant.

Section II of the first amended petition which names U.S. Bank as Plaintiff states:

> Plaintiff would show unto this Court that it is the owner of the Subject Property by virtue of a Substitute Trustee's Deed dated August 4th, 2009.

[3]  Mekeel directs us to *Mortgage Electronic Registration Systems v. Young*, No. 2-08-088-CV, 2009 WL 1564994 *1 (Tex.App.--Fort Worth June 4, 2009, no pet.)(not designated for publication) in support of his contention that, "This swearing by two attorneys for diametrically opposite facts and predicate acts should be taken by the Court

Texas Rule of Civil Procedure 65 ("Substituted Instrument Takes Place of Original") provides:

> Unless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause, unless some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of, and exception be taken to the action of the court, or unless it be necessary to look to the superseded pleading upon a question of limitation.

TEX.R.CIV.P. 65. The purpose of filing an amended petition is to add something to, or withdraw something from, that which has been previously pleaded, and when an amended pleading is filed, it supplants all former pleadings. *See Hatley v. Schmidt*, 471 S.W.2d 440, 442 (Tex.Civ.App. 1971, writ ref'd n.r.e); *CIGNA Insurance Company v. TPG Store, Inc.*, 894 S.W.2d 431, 434 (Tex.App.--Austin 1995, no writ); *see also Sheerin v. Exxon Corp.*, 923 S.W.2d 52, 55 (Tex.App.--Houston [1st Dist.] 1995, no writ)(general rule is that an amended pleading takes the place of the original pleading and that original pleading is superceded and is no longer part of the live pleadings); *Wren v. Texas Employment Com'n*, 915 S.W. 2d 506, 508 (Tex.App.--Houston [14th Dist.] 1995, no pet.)(an amended pleading supercedes and completely replaces all previous pleadings); *Elliott v. Methodist Hosp.*, 54 S.W.3d 789, 793-94 (Tex.App.--Houston [1st Dist.] 2001, pet. denied)(a plaintiff's timely filed amended pleading supercedes all previous pleadings and becomes the controlling petition in

---

to have been no verification at all." *MERS* did not so hold. There, the county court at law granted possession in favor of the occupants and MERS appealed. The court of appeals reversed and rendered a judgment of dismissal. The appellate court determined that the county court did not have jurisdiction to determine the issue of possession because that issue rested on the resolution of title. *Id*. at *2. MERS based its claim for possession on an alleged landlord-tenant relationship created by a deed from the substitute trustee's sale and the provision in the deed of trust that made the occupant a tenant at sufferance upon default and foreclosure. *Id*. The occupant introduced evidence disputing both MERS's interest in the property and any landlord-tenant relationship in the form of two deeds executed after the substitute trustee's deed. Consequently, the county court would have had to determine who owned the property in order to determine whether MERS had the superior right to possession. Because the county court had no jurisdiction to determine title, and because title may not be adjudicated in a forcible detainer action, the county court did not have jurisdiction to determine if MERS had a superior right to immediate possession. *Id*. *MERS* is irrelevant here because Mekeel did not challenge U.S. Bank's title or ownership interest in the property, nor did he offer evidence which would serve to bring the title into dispute.

the case regarding theories of recovery). Thus, the only pleading before the trial court in the January 20, 2010 hearing was the first amended petition. *See* TEX.R.CIV.P. 65.

Mekeel also challenges the affidavit because it fails to meet the personal knowledge requirements under Rule 739, which provides that a forcible detainer action is initiated by filing a "written sworn complaint" with a justice of the peace. *See* TEX.R.CIV.P. 739. A sworn pleading is one verified by affidavit under the sanction of an oath. *Reagan v. NPOT Partners I, L.P.*, No. 06-08-00071-CV, 2009 WL 763565, *1 (Tex.App.--Texarkana March 25, 2009, pet. dism'd w.o.j.)(mem.op.), *quoting* 58 TEX.JUR.3d Pleadings § 65 (2006). A valid verification must be based on personal knowledge. *Id*.; *Kerlin v. Arias*, 274 S.W.3d 666 (Tex. 2008). Any qualifying verbiage, such as a statement that the affidavit is "based on the best of one's personal knowledge," renders the affidavit legally invalid. *See Reagan*, 2009 WL 763565 at *1, *2. Here, the verification attached to the amended petition states in part:

> I am an authorized agent acting on behalf of the Plaintiff in this action and capable of making this verification. I have read the Plaintiff's First Amended Petition for Forcible Detainer. The facts stated in it are within my personal knowledge and are true and correct.

There is no qualification which would render this affidavit defective.

Nor do we find merit in Mekeel's contention that this challenge is jurisdictional and may be raised at any time. Even if we were to find a defect in the verification, several recent decisions have found that where a defect exists, it is not jurisdictional and does not deprive the county court of jurisdiction to hear the forcible detainer action. Even *Reagan*--upon which Mekeel relies--concluded that the defective verification did not deprive the county court of jurisdiction. *Reagan*, 2009 WL 763565 at *2-3. *See also, Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 469 (Tex.App.--Dallas 2010, pet. dism'd w.o.j.); *Fleming v. Fannie Mae*, No. 02-09-00445-CV, 2010

WL 4812983 *1 (Tex.App.--Fort Worth Nov. 24, 2010, no pet.). We overrule Issue One.

## Compliance with Texas Property Code and Prima Facie Claim

In Issues Two and Three, Mekeel contends that U.S. Bank failed to comply with the Texas Property Code in two particulars. In Issue Two, he complains that the notice to vacate and demand for possession was not sent by a person entitled to possession and was not in the proper form. *See* TEX.PROP.CODE ANN. §§ 24.002, 24.005. In Issue Three, he argues that the substitute trustee's deed, through which U.S. Bank claims title, was insufficient to support a *prima facie* claim of title because the deed was not supported by an unqualified affidavit of a person with personal knowledge. *See* TEX.PROP.CODE ANN. § 51.002(e)(West Supp. 2010).

### *Notice to Vacate and Demand for Possession*

The notice to vacate letter was issued on behalf of Select Portfolio and not on behalf of U.S. Bank., leading Mekeel to conclude that the demand was fatally defective. The Property Code requires that the demand for possession be written by a person entitled to possession of the property, and must comply with the notice to vacate requirements under Section 24.005.[4] TEX.PROP.CODE ANN. § 24.002(b). Mekeel complains that no valid demand for possession exists because the letter does not state that it is made on behalf of U.S. Bank.

The decision to admit or exclude evidence is within the trial court's sound discretion. *Interstate Northborough Partnership v. State*, 66 S.W.3d 213, 220 (Tex. 2001); *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). On appeal, we review a trial court's evidentiary decisions by an abuse of discretion standard. *See Owens*, 972 S.W.2d at 43; *Jackson v. Van Winkle*, 660 S.W.2d 807, 809-10 (Tex. 1983). The test for abuse of discretion is not whether,

---

[4] Section 24.005(h) states that for purposes of Section 24.002(b), a notice to vacate shall be considered a demand for possession. TEX.PROP.CODE ANN. § 24.005(h).

in our opinion, the facts present an appropriate case for the trial court's actions. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Rather, it is a question of whether the trial court acted without reference to any guiding rules and principles. *Id*. In other words, we must determine whether the court's rulings were arbitrary or unreasonable. *Id*. at 242. The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id*. Nor does a mere error of judgment amount to an abuse of discretion. *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex. 1989).

To obtain a reversal based on the erroneous admission of evidence, Mekeel must show: (1) the trial court erroneously admitted evidence; (2) no other similar evidence was admitted; and (3) the error probably caused the rendition of an improper judgment. *See* TEX.R.APP.P. 44.1*; Pickett v. Texas Mut. Ins. Co*., 239 S.W.3d 826, 839 (Tex.App.--Austin 2007, no pet.), *citing Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989). We find no abuse of discretion.

Mekeel's appellate issue does not comport with the objection raised at trial-- a complaint that the proffering witness did not properly authenticate the document. An objection must specifically state the grounds for which it is based. TEX.R.APP.P. 33. Accordingly, this argument has not been preserved for appeal. Even had error been preserved, we would find no abuse of discretion in admitting the letter sent on behalf of Select Portfolio as evidence Mekeel had notice to vacate. He did not object to Exhibits 1 and 3, the substitute trustee's deed, and the deed of trust, respectively. Exhibit 1 contained a copy of the "Notice of Trustee's Sale," which named Select Portfolio as the mortgage servicer on behalf of the noteholder, U.S. Bank. This notice further stated that:

> The Mortgage Servicer is authorized to represent the Noteholder by virtue of a servicing agreement with the Noteholder. Pursuant to the Servicing Agreement and Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the

debt and to administer any resulting foreclosure of the property securing the above referenced loan.

Additionally, the deed of trust specifically states that upon a foreclosure sale of the property, Mekeel:

> [S]hall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, [Mekeel] shall be a tenant at sufferance and may be removed by writ of possession.

The notice to vacate and demand for possession specifically identified Select Portfolio, as the servicing agent, referring to the company only as Select Portfolio Servicing, Inc, **Servicing Agent**.

Finding no abuse of discretion, we overrule Issue Two.

### *Substitute Trustee's Deed*

In Issue Three, Mekeel claims that the trial court erred in admitting the substitute trustee's deed because the affidavit signed by Mary Cocheu contained fatal flaws. He points to the failure of the affidavit to identify Cocheu's qualifications as to (1) her knowledge or the basis of it, or as to her position or capacity with respect to the transaction; and (2) it is not made of unqualified personal knowledge.

An objection that an affidavit is not based on personal knowledge is an objection to a defect in form. *Cooper v. Circle Ten Council Boy Scouts of America*, 254 S.W.3d 689 (Tex.App.--Dallas 2008, no pet.)*.* As a prerequisite to presenting a complaint for appellate review, such an objection must be timely and specifically raised, and a ruling obtained. *See* TEX.R.APP.P. 33.1(a); *Walnut Equipment Leasing Co. v. J-V Dirt & Loam*, 907 S.W.2d 912 (Tex.App.--Austin 1995, writ denied); *see also Shivers v. Hundley*, 148 S.W.2d 440 (Tex.Civ.App.--Waco 1941, no writ)(holding that an affidavit based on the affiant's personal knowledge, information, and belief, when objectionable in form, is a typical case for special exception, in the absence of which any objection on that score is deemed to be waived).

At trial, the substitute trustee's deed was offered and admitted without objection. Although the validity of the affidavit was addressed in the plea in abatement, Mekeel failed to object on this basis during the trial. It is thus not preserved for appellate review. TEX.R.APP.P. 33; *see Walnut*, 907 S.W.2d at 912 (holding that: (1) where Walnut specially excepted to an affidavit attached to a motion to dissolve, on the basis that it did not show affiant's personal knowledge, but failed to obtain a ruling on its exception, Walnut waived the claim for review; and (2) because Walnut never objected in the trial court that the motion to dismiss garnishment action was unsworn, he waived any such complaint on appeal). Moreover, whether the sale of property under a deed of trust is invalid may not be determined in a forcible detainer but must be brought in a separate suit. *Fleming*, 2010 WL 4812983, at *4*; *Williams*, 315 S.W.3d at 927; *Scott*, 127 Tex. at 35, 90 S.W.2d at 818-19; *Rice*, 51 S.W.3d at 710.

Mekeel next contends that the Cocheu affidavit is not made of unqualified personal knowledge. There no such qualifying statement present here, but even where a verification defect exists, the county court is not deprived of jurisdiction to determine the right to possession in a forcible detainer suit. *See Reagan*, 2009 WL 763565, at *2; *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996).

U.S. Bank sufficiently demonstrated its right to possession of the property by introducing into evidence the substitute trustee's deed, the deed of trust, and the notice to vacate. The substitute trustee's deed evidenced U.S. Bank purchased the property following Mekeel's default. The deed of trust evidenced Mekeel's status as a tenant at sufferance after failing to vacate the property. Finally, the notice to vacate informed Mekeel and his wife of their tenant-at-sufferance status and the requirement they vacate the property. This evidence was sufficient to establish the Bank's right to immediate possession of the property. *See Mitchell v. Citifinancial Mortg. Co.*, 192 S.W.3d 882, 883

(Tex.App.--Dallas 2006, no pet.); *Powelson v. U.S. Bank National Ass'n*, 125 S.W.3d 810, 812 (Tex.App.--Dallas 2004, no pet.); *see also Williams*, 315 S.W.3d at 925, 927 (where appellant argued that the substitute trustee's deed tendered to the court was insufficient to support a *prima facie* claim of title because the affidavit, signed by an employee of the mortgage servicer's law firm's subsidiary stated in part, "to the best of my knowledge and belief, proper notice of default was served prior to acceleration of the indebtedness," the court held that the alleged defect was not relevant to whether the mortgagee established its entitlement to a writ of possession via a forcible detainer action). Further, any defects in the foreclosure process or with U.S. Bank's title to the property may not be considered in a forcible detainer action. *See Shutter*, 318 S.W.3d at 471; *Williams*, 315 S.W.3d at 927, *citing Scott*, 127 Tex. at 35, 90 S.W.2d at 818-19. To the extent MeKeel attacks the *prima facie* proof to support the forcible detainer action, his issues actually attack the underlying foreclosure procedure. *See Clarkson v. Deutsche Bank Nat. Trust Co.*, 331 S.W.3d 837, 839 (Tex.App.--Amarillo 2011, no pet.), *citing Williams*, 315 S.W.3d at 927. As we have already stated, a forcible detainer action is not the proper avenue to attempt such an action; rather, Mekeel should pursue such defects, if any, in a wrongful foreclosure action or suit to set aside the substitute trustee's deed. *See Clarkson*, 331 S.W.3d at 839-49, *citing Scott*, 90 S.W.2d at 818-19. We overrule Issue Three.

### Sufficiency of the Evidence

In Issue Four, Mekeel argues that there was no evidence he refused to vacate the property. A no-evidence challenge requires this court to review all evidence in the light most favorable to the verdict, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In a bench trial, the trial court is the finder of fact and may take into consideration all the facts and surrounding circumstances in connection with the testimony of each witness and accept

or reject all or any part of that testimony. *Southwestern Bell Media, Inc. v. Lyles*, 825 S.W.2d 488, 493 (Tex.App.--Houston [1st Dist.] 1992, writ denied). If more than a scintilla of evidence exists in the record to support the finding, then the no evidence challenge fails. *See Tarrant Regional Water Dist. v. Gragg*, 151 S.W.3d 546, 552 (Tex. 2004). A scintilla of evidence is evidence so weak that it creates no more than a surmise or suspicion of the existence of the fact sought to be proven. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

At trial, U.S. Bank offered a substitute trustee's deed and a deed of trust into evidence without objection. The substitute trustee's deed named U.S. Bank as the owner of the property pursuant to a foreclosure sale, and the deed of trust provided that Mekeel would become a tenant at sufferance if he failed to surrender possession of the property immediately following the sale. Mekeel acknowledges that the Bank introduced evidence of a demand to vacate. Th only question, then, is whether he disregarded the demand.

Several courts have addressed this issue. In *Powelson v. U.S. Bank National Ass'n*, 125 S.W.3d 810 (Tex.App.--Dallas 2004, no pet.), the Fifth District Court of Appeals held the facts were sufficient to demonstrate plaintiff's entitlement to possession of the property where the complaint stated: (1) that Powelson defaulted on his note and that plaintiff foreclosed on its lien, terminating Powelson's right to possession of the property; and (2) that Powelson was given notice to vacate the premises pursuant to Section 24.006 of the Texas Property Code and that he refused to do so. *Powelson*, 125 S.W.3d at 811. Similarly, in *Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, *6 (Tex.App.--Austin Jan. 6, 2011, no pet.)(mem. op., not designated for publication), the court handled this identical issue in a single paragraph stating:

> In her fourth point of error, Rodriguez asserts that the trial court erred in rendering judgment for Citimortgage because there was 'no evidence' that Rodriguez had refused to vacate the property after demand was made. We reject that assertion.

Among other things, Rodriguez has tacitly conceded that she has remained in possession of the property by continuing to prosecute appeals from and superseding lower court judgments awarding Citimortgage possession. If she had relinquished possession, her appeals regarding the parties' competing claims to possession would be moot. *See Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). We overrule Rodriguez's fourth point of error.

*Id.* at *6.

The record reflects the Bank's complaint that Mekeel refused to vacate the premises after a written demand to do so. Additionally, the following documents were before the court: (1) an appeal bond which was signed by Mekeel, listing his address as, "6405 Hampton Court, The Colony, Texas 75056," and filed by Mekeel in order to obtain the trial *de novo* in the county court at law; and (2) a USPS confirmation evidencing that on September 28, 2009, Mekeel signed for a certified mail item delivered to 6405 Hampton Court. Finally, as in *Rodriguez*, after the justice court granted possession to the Bank, Mekeel has continued to pursue appeals. There is more than a scintilla of evidence that Mekeel refused to vacate the premises after proper demand had been made. *See Rodriguez*, 2011 WL 182122 at *6; *Powelson*,125 S.W.3d at 811. We overrule Issue Four and affirm the judgment of the court below.

August 24, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.