

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00105-CV

SUNNY OBGOMO AND JOAN
KYANGUNGU

APPELLANTS

V.

AMERICAN HOMES 4 RENT
PROPERTIES TWO, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY

APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2013-004764-1

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a forcible entry and detainer suit. Appellee American Homes 4 Rent Properties Two, LLC, a Delaware Limited Liability Company purchased the residential property previously owned by Appellants

---

[1]*See* Tex. R. App. P. 47.4.

Sunny Obgomo and Joan Kyangungu at a substitute trustee's sale. After Appellants failed to vacate the premises, American Homes succeeded in an action for forcible entry and detainer in the justice court and then on appeal to the county court at law. On appeal to this court, Appellants argue in two points that the trial court erred by rendering judgment for American Homes because (1) American Homes' pleading was not a valid pleading, and (2) the evidence is insufficient to support a finding of a valid presuit statutory notice to vacate.

In their first issue, Appellants argue that the trial court erred by rendering judgment for American Homes because American Homes' pleading on file at the time that judgment was rendered was not a valid pleading.[2] Appellants claim that the affidavit attached to American Homes' original petition did not meet the sworn pleading requirement of former Texas Rule of Civil Procedure 739[3] because the attorney who signed the original petition averred in his affidavit: "I have personal knowledge of the facts stated in the foregoing petition and, *to the best of my knowledge*, they are true and correct." [Emphasis added.]

Former rule 739's personal knowledge requirement provided that a party initiated a forcible detainer action by filing a "written sworn complaint" with a

---

[2]Appellants preserved this challenge by filing a plea in abatement below and obtaining a ruling: the county court at law denied Appellants' plea in abatement.

[3]This rule was repealed effective August 31, 2013; however, we refer to it because it was the rule that was in effect at the time that suit was filed. *See* Tex. R. Civ. P. 739 (West 2004, repealed 2013).

justice of the peace. *See* Tex. R. Civ. P. 739 (West 2004, repealed 2013). A sworn pleading is one verified by affidavit under the sanction of an oath. *Mekeel v. U.S. Bank Nat'l Ass'n*, 355 S.W.3d 349, 355 (Tex. App.—El Paso 2011, pet. dism'd). A valid verification must be based on personal knowledge. *Id.* (citing *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008)). Any qualifying verbiage, such as a statement that the affidavit is "based on the best of one's personal knowledge," renders the affidavit legally invalid. *Id.*

Here, the record reveals that the live pleading at the de novo trial before the county court at law was American Homes' "First Amended Petition For Forcible Entry And Detainer," which had an affidavit attached that did not contain the "to the best of my knowledge" language. *See* Tex. R. Civ. P. 65; *Mekeel*, 355 S.W.3d at 354–55 (stating general rule that an amended pleading takes the place of the original pleading and that original pleading is superseded and is no longer part of the live pleadings). Thus, there is no qualifying verbiage that would render this affidavit defective. Although Appellants urge in their brief that strict compliance with former rule 739 is the appropriate standard for verification requirements and that a complaint for eviction should not "be reformed to comply with a gatekeeping mandate," they point us to no case law holding that an original petition in a forcible entry and detainer case cannot be amended, and case law holds otherwise. *See Mekeel*, 355 S.W.3d at 355 (analyzing first amended petition's compliance with former rule 739's personal-knowledge requirement and holding that affidavit was not defective). Nor do we find merit in

3

Appellants' contention that the alleged defect in the affidavit attached to American Homes' original petition is jurisdictional; this court has previously held that if such a defect exists—and we hold here that any such defect was corrected in the affidavit attached to American Homes' timely-filed amended petition—it is not jurisdictional and does not deprive the county court at law of jurisdiction. *See Fleming v. Fannie Mae*, No. 02-09-00445-CV, 2010 WL 4812983, at *1 (Tex. App.—Fort Worth Nov. 24, 2010, no pet.) (mem. op.). We therefore hold that the county court at law had before it a valid pleading on which to render judgment for American Homes, and we overrule Appellants' first point.

In their second point, Appellants argue that the trial court erred by granting judgment for American Homes because the evidence at trial was insufficient to support a valid presuit statutory notice to vacate. Specifically, Appellants argue that American Homes never established that it was "a person entitled to possession" because the business records affidavit to which its evidence of presuit demand for possession was attached is not based on personal knowledge or a clear claim of personal knowledge.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). The

4

objecting party must get a ruling from the trial court. Tex. R. App. P. 33.1(a)(2), (b). This ruling can be either express or implied. *Id.*; *Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied). Moreover, the complaint on appeal must be the same as that presented in the trial court. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). An appellate court cannot reverse based on a complaint not raised in the trial court, *id.*, nor can it reverse on "unassigned error," i.e., a ground not presented in the appellate briefs. *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998); *see* Tex. R. App. P. 53.2(f); *Sonat Exploration Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 236 (Tex. 2008).

Here, when the business records affidavit and notice to vacate were offered at trial, and the trial court asked if Appellants had any objections to their admission, Appellants' attorney stated, "I think [the notice] is superfluous since the affidavit is already on file, and we've filed any objection within the 14 days." The record reveals that Appellants included the following objection in their document entitled "Defendant[s'] Plea in Abatement and Original Answer Subject to Plea": "Defendants object to any proffered business records affidavit filed by Plaintiff *due to the absence of capacity in the chain of title leading to Plaintiff*, and hence to all contents thereof and attachments thereto." [Emphasis added.] The trial court impliedly overruled Appellants' objection and admitted the business records affidavit and notice to vacate. Appellants' complaint on appeal— challenging the business records affidavit as insufficient to show that the affiant

5

had personal knowledge of the matters stated therein—does not match the objection they presented to the trial court. *See Banda*, 955 S.W.2d at 272.

Even broadly construing Appellants' objection in the trial court to preserve the complaint now raised on appeal, the record reflects that the business records affidavit accompanying the notice to vacate states in pertinent part:

> " . . . All facts and matters set forth herein are, to the best of my knowledge, based on company records and documentation and are true and correct.

> "As part of my duties in my representation of Plaintiff, I was required to provide the Defendants with Notice To Vacate the subject residence. A true and correct copy of that Notice To Vacate, dated JUNE 26, 2013, together with the postal receipt for each copy served by certified mail is attached hereto and incorporated herein for all purposes as Exhibit A. These records are kept by me in the regular course of my law practice, and it was the regular course of business at my office for *an employee, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record* or transmit information thereof to be included in such record, and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are duplicates of the originals.

> "On the date noted thereon, the Notice to Vacate was mailed to the Defendants at the Plaintiff's request. One copy was sent by certified U.S. Mail delivery with first-class postage including the fees for certified mail and return of the Domestic Return Receipt fully prepaid; another copy of the Notice to Vacate was served on the Defendants by regular U.S. Mail delivery with first-class postage fully prepaid. Neither copy of the Notice to Vacate was returned as undeliverable due to improper address." [Emphasis added.]

The rules of evidence do not require that the qualified witness who lays the predicate for the admission of business records be their creator, be an employee of the same company as the creator, or have personal knowledge of the contents of the record; personal knowledge of the manner in which the records were kept

6

will suffice. *See* Tex. R. Evid. 803(6), 902(10); *see also In re E.A.K.*, 192 S.W.3d 133, 142 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (explaining that witness laying predicate for admission of a document under business-records exception need only have knowledge of how the records were prepared). Here, American Homes' attorney averred that an employee with knowledge of the act or event made the record; thus, the business records affidavit substantially complied with the business-records exception. *See* Tex. R. Evid. 803(6), 902(10). After reviewing the affidavit and the attached notice to vacate, we hold that the evidence is sufficient to prove that American Homes served Appellants with valid presuit statutory notice to vacate,[4] and we therefore overrule Appellants' second point.

Having overruled both of Appellants' points, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: December 18, 2014

---

[4]Appellants also complain on appeal that the business records affidavit accompanying the substitute trustee's deed and the deed of trust does not reflect that it is based on personal knowledge. We have previously held that a challenge to the sufficiency of the affidavit accompanying a substitute trustee's deed is an attack on the validity of the foreclosure and sale of the property, which cannot be raised in a forcible detainer case. *See Fleming*, 2010 WL 4812983, at *4; *see also Couch v. Fed. Home Loan Mortg. Corp.*, No. 02-10-00261-CV, 2011 WL 1103684, at *2 (Tex. App.—Fort Worth Mar. 24, 2011, no pet.) (mem. op.).