

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00376-CV

———————————————

ALFRED GABER, Appellant

V.

U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR
TRUMAN 2016 SC6 TITLE TRUST, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2019-006928-1

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

This post-foreclosure forcible detainer appeal is the latest in a series of attempts by Appellant Alfred Gaber to avoid the consequences of his home-equity loan default. We will affirm the trial court's writ of possession in favor of Appellee U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust (the Bank).

## I. Background

In 2016, Gaber defaulted on his home-equity loan, and the Bank obtained a home-equity foreclosure order for the relevant property (the Property). *See* Tex. R. Civ. P. 736.8; *Gaber v. U.S. Bank Nat'l Ass'n*, No. 02-19-00243-CV, 2020 WL 5242419, *1 (Tex. App.—Fort Worth Sept. 3, 2020, pet. denied) (mem. op.).[1] The day before the scheduled foreclosure sale, Gaber sued the Bank and the loan service provider, alleging that they lacked the capacity to foreclose. *Gaber*, 2020 WL 5242419, *1. The Bank counterclaimed for, among other things, an order authorizing it to nonjudicially foreclose on the lien, and it prevailed on summary judgment on its foreclosure counterclaim. *Id.* at *1–2.

We reviewed Gaber's appeal from the foreclosure summary judgment in 2020. *Id.* at *1. Although Gaber attempted to argue that the Bank's nonjudicial-foreclosure counterclaim was barred by the Texas Rules of Civil Procedure, we rejected this

---

[1]Gaber requests that we take judicial notice of the entire file in *Gaber*. We have done so. *See* Tex. R. Evid. 201(c)(2).

argument as waived. *Id.* at *2. After addressing Gaber's other arguments, we affirmed the judgment in favor of the Bank. *Id.* at *6.

Meanwhile, the Bank conducted the nonjudicial foreclosure sale and acquired the Property through a substitute trustee's deed (the Deed). The Bank demanded possession and mailed Gaber notice to vacate. *See* Tex. Prop. Code Ann. §§ 24.002(b), 24.005(b). When Gaber refused to vacate the Property, the Bank filed a verified petition for forcible detainer, and the justice court granted judgment in the Bank's favor. *See* Tex. Gov't Code Ann. § 27.031(a)(2); Tex. Prop. Code Ann. §§ 24.002(a), 24.0061. Gaber appealed to the county court at law for a trial de novo, *see* Tex. R. Civ. P. 510.9–510.10, and the Bank again prevailed.[2]

## II. Discussion

Gaber raises five points on appeal: three overlapping points challenging the Deed's validity, a fourth point challenging the Bank's verified petition, and a fifth point challenging the legal sufficiency of the Bank's evidence to prove that Gaber refused to vacate the Property.[3]

---

[2]The trial court issued its judgment in August 2020, after the Texas Supreme Court lifted its suspension of eviction proceedings. *See Fifteenth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9066, ¶2 (Tex. May 14, 2020); *cf. Onyedebelu v. Wilmington Sav. Fund Soc'y, FSB as Tr. of Residential Credit Opportunities Tr. V-C*, No. 02-20-00239-CV, 2021 WL 4319705, at *2 (Tex. App.—Fort Worth Sept. 23, 2021, no pet. h.) (mem. op.) (referencing order lifting suspension).

[3]We reorder Gaber's points for organizational purposes. And because three of Gaber's arguments overlap with one another, we address them together.

3

## A. Validity of the Bank's Deed

Gaber's first three points directly and indirectly challenge the validity of the Bank's Deed. Gaber acknowledges that the Bank obtained its Deed through a foreclosure sale, but he argues that the sale was based on the Bank's "impermissible counterclaim" in the prior lawsuit.[4] Because the Bank allegedly obtained the Deed through this "impermissible counterclaim," Gaber contends that the Deed should not have been issued and that the Bank could not make a valid pre-suit demand for possession because it was not "a person entitled to possession of the property."[5] Gaber further argues that the Bank lacked standing to file its forcible detainer action and that the trial court could not rely upon the Deed as evidence of the Bank's ownership of the Property or Gaber's resulting status as a tenant at sufferance.[6]

---

[4]Specifically, Gaber argues that (1) the pre-suit demand for possession was insufficient because it was based on an invalid substitute trustee's deed; (2) the Bank lacked standing because its pleadings and notice "were made on the basis of a substitute trustee's deed not admissible into evidence because it was based on an impermissible counterclaim for foreclosure"; (3) "[n]either [the Bank's] pleadings nor its offered exhibits include a complete purported substitute trustee's deed with an authenticating affidavit" demonstrating that the foreclosure sale complied with Texas Property Code Section 51.002; and (4) because the Deed should not have been admitted into evidence, the Bank could not prove that it purchased the foreclosed Property so as to link the Bank's ownership back to the tenancy-at-sufferance language in the deed of trust.

[5]*See* Tex. Prop. Code Ann. § 24.002(b) (requiring the pre-suit demand for possession to be made "by a person entitled to possession of the property").

[6]Gaber's deed of trust provides that if the Property is sold at a foreclosure sale, Gaber must surrender possession, and "[i]f possession is not surrendered, [Gaber] or

4

We note at the outset that Gaber's challenges are premised on the impermissible-counterclaim argument we rejected in Gaber's prior foreclosure appeal. *Gaber*, 2020 WL 5242419, at *2. For this reason alone, his argument would fail.

Further, "any questions about defects in the foreclosure process or '[w]hether the sale of property under a deed of trust is invalid may not be determined in a forcible detainer [action] and must be brought in a separate suit,'"[7] which Gaber did not do. *Murry v. Bank of Am., N.A.*, No. 02-13-00303-CV, 2014 WL 3866154, at *2 (Tex. App.—Fort Worth Aug. 7, 2014, pet. dism'd w.o.j.) (mem. op.) (quoting *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.)); *see Mekeel v. U.S. Bank Nat'l. Ass'n*, 355 S.W.3d 349, 358 (Tex. App.—El Paso 2011, pet. dism'd) ("[A]ny defects in the foreclosure process or with U.S. Bank's title to the property may not be considered in a forcible detainer action."). A forcible detainer plaintiff is not required to prove title; it is only required to offer sufficient evidence of ownership to demonstrate a superior right to immediate possession of the

such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding."

[7]Justice courts with jurisdiction over forcible detainer actions "do not have jurisdiction over title disputes." *Murry v. Bank of Am., N.A.*, No. 02-13-00211-CV, 2014 WL 3536577, at *1 (Tex. App.—Fort Worth July 17, 2014, no pet.) (mem. op.); *see* Tex. Gov't Code Ann. § 27.031(b)(4). And if Gaber had filed a separate case disputing the validity of the Bank's Deed, it would not necessarily have precluded the Bank from proceeding with its forcible detainer action. *See Onyedebelu*, 2021 WL 4319705, at *3–4 (recognizing that "[i]n most cases, the right to immediate possession can be determined separately from the right to title").

property.  *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006) ("Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession."); *Fields v. Varrichio*, No. 02-15-00060-CV, 2015 WL 5778694, at *2 (Tex. App.—Fort Worth Oct. 1, 2015, no pet.) (mem. op.) ("'[A] judgment of possession in a forcible detainer action is a determination only of the right to *immediate* possession and does not determine the *ultimate* rights of the parties to any other issue in controversy relating to the realty in question.'" (quoting *Girard v. AH4R I TX DFW, LLC*, No. 02-13-00112-CV, 2014 WL 670198, at *2 (Tex. App.—Fort Worth Feb. 20, 2014, no pet.) (mem. op.))).

Apart from Gaber's impermissible-counterclaim arguments and his related evidentiary challenges to the Deed,[8] he does not appear to argue that the evidence was

---

[8]Gaber scatters evidentiary challenges to the Deed throughout his three overlapping impermissible-counterclaim points.  Many of these arguments are premised on the impermissible-counterclaim argument we address above.

Nonetheless, to the extent that Gaber argues the trial court could not rely on the Deed as prima facie evidence of ownership without proving that the Bank complied with Property Code Section 51.002(e), we have repeatedly rejected this argument.  *See Couch v. Fed. Home Loan Mortg. Corp.*, No. 02-10-00261-CV, 2011 WL 1103684, at *2 (Tex. App.—Fort Worth Mar. 24, 2011, no pet.) (mem. op.) (collecting cases).

And to the extent that Gaber claims the Bank could not rely on the deed of trust's tenancy-at-sufferance language as evidence of the Bank's superior right to possession, this argument not only is premised on the allegedly erroneous admission of the Deed into evidence but also the argument has already been rejected by this court.  *See Onyedebelu*, 2021 WL 4319705, at *2 ("A plaintiff in a forcible-detainer suit

6

insufficient to support the Bank's superior right to possession; all of Gaber's arguments regarding the superior right to possession are premised on the Deed's alleged invalidity.[9]

To the extent Gaber claims that, independent of the Deed's alleged invalidity, it was improperly authenticated at trial, he waived the issue by failing to object. *See* Tex. R. App. P. 33.1(a); *see also Colon v. Wilmington Sav. Fund Soc'y, FSB*, No. 02-16-00113-CV, 2017 WL 3184695, at *3 (Tex. App.—Fort Worth July 27, 2017, pet. denied)

---

can establish 'the superior right to immediate possession by establishing the fact of a foreclosure pursuant to a deed of trust that created a tenancy at sufferance after the foreclosure.'" (quoting *Askew v. Mena Homes, Inc.*, No. 02-19-00181-CV, 2020 WL 579121, at *1 (Tex. App.—Fort Worth Feb. 6, 2020, pet. denied) (mem. op.))).

[9]Even if we construed Gaber's brief as raising a sufficiency challenge to the Bank's superior right to possession, we would overrule it because the evidence is sufficient. The Bank offered, and the trial court admitted into evidence, the Bank's Deed to prove its purchase of the property, along with a copy of the judgment authorizing the foreclosure sale, a copy of the deed of trust evidencing Gaber's post-foreclosure status as a tenant at sufferance, and a copy of the Banks notice to vacate, accompanied by a business records affidavit. Gaber implicitly acknowledges that the Bank purchased the property through the foreclosure proceedings authorized in the parties' prior litigation, and he acknowledges that the deed of trust contains a provision making him a tenant at sufferance if he refuses to surrender possession after a foreclosure sale. This was sufficient evidence of ownership to demonstrate the Bank's superior right to possession. *Cf.* Tex. Prop. Code Ann. § 24.002(a)(2); *Brittingham v. Fed. Home Loan Mortg. Corp.*, No. 02-12-00416-CV, 2013 WL 4506787, at *4 (Tex. App.—Fort Worth Aug. 22, 2013, pet. dism'd w.o.j.) (mem. op.) (holding that deed of trust, substitute trustee's deed, and business records containing the notice to vacate provided sufficient evidence of Freddie Mac's superior right to possession); *Couch*, 2011 WL 1103684, at *2 ("Freddie Mac proved its right to possession by presenting the substitute trustee's deed, the deed of trust, and the notice to vacate sent to and received by Couch."); *Fleming v. Fannie Mae*, No. 02-09-00445-CV, 2010 WL 4812983, at *5 (Tex. App.—Fort Worth Nov. 24, 2010, no pet.) (mem. op.) (recognizing substitute trustee's deed as evidence that plaintiff purchased the property and deed of trust as evidence of defendant's status as tenant at sufferance).

(mem. op.) (overruling unpreserved complaint regarding the admission of business records in forcible detainer appeal).

Therefore, we overrule Gaber's challenges to the validity of the Deed.

## B. Verification of the Bank's Petition

Gaber next argues that the Bank failed to appropriately verify its petition. Although the Bank's counsel verified the document, Gaber contends that this was insufficient because Rule of Civil Procedure 510.3(a) requires an eviction petition to be "sworn to by the plaintiff." Tex. R. Civ. P. 510.3(a). "We have previously considered this same issue on several occasions and have concluded every time that a party's attorney may verify a petition in a forcible[ ]detainer action as that party's agent." *Deubler v. Bank of New York Mellon*, No. 02-16-00390-CV, 2017 WL 2290193, at *1 (Tex. App.—Fort Worth May 25, 2017, pet. denied) (mem. op.) (collecting cases); *see Norvelle v. PNC Mortgage*, 472 S.W.3d 444, 449 (Tex. App.—Fort Worth 2015, no pet.) (holding that bank's counsel could verify petition on its behalf because "business entities operate through their agents" and the bank's counsel "acted as the [b]ank's corporeal agent for purposes of instituting the action"); *see also Jimenez v. McGeary*, 542 S.W.3d 810, 813–14 (Tex. App.—Fort Worth 2018, pet. denied) (citing and following *Norvelle*); *Colon*, 2017 WL 3184695, at *1–2 (same). Accordingly, we overrule Gaber's challenge to the Bank's verified petition.

## C. Sufficiency of the Bank's Evidence

Finally, Gaber challenges the legal sufficiency of the evidence to support the trial court's finding that he refused to vacate the Property. This is one of the four elements of the Bank's forcible detainer action, and because neither party requested findings of fact and conclusions of law, the trial court's finding on this element is implied if there is sufficient evidence to support it.[10] *See Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478, 480 (Tex. 2017) (listing forcible detainer elements and discussing implied findings); *see also Onyedebelu*, 2021 WL 4319705, at *3 (listing forcible detainer elements); *Brittingham*, 2013 WL 4506787, at *1 (similar).

In reviewing Gaber's no-evidence challenge to this implied finding,[11] we consider evidence favorable to the finding if a reasonable factfinder could have done so, and we disregard contrary evidence unless a reasonable factfinder could not have done so. *Shields Ltd. P'ship*, 526 S.W.3d at 480; *Brittingham*, 2013 WL 4506787, at *3. The evidence is legally insufficient to support the challenged finding if "(1) the record bears no evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence

---

[10]The parties tried the case to the bench.

[11]Although neither party requested findings of fact and conclusions of law, a reporter's record was filed in this case, so we review the trial court's implied findings of fact using the same sufficiency standards applied to express fact findings and jury findings. *Shields Ltd. P'ship*, 526 S.W.3d at 480.

conclusively establishes the opposite of a vital fact." *Shields Ltd. P'ship*, 526 S.W.3d at 480; *Enriquez v. Capital Plus Fin., LLC*, No. 02-19-00184-CV, 2020 WL 719441, at \*3 (Tex. App.—Fort Worth Feb. 13, 2020, no pet.) (mem. op.).

Here, there is legally sufficient evidence of Gaber's refusal to vacate the Property. First, the Bank offered, and the trial court admitted into evidence at trial, a copy of the Bank's notice to vacate, which was addressed to "Alfred Gaber and/or all occupants," accompanied by a supporting business records affidavit and tracking information showing that the notice was sent by certified mail.[12] [Capitalization altered.] *See Brittingham*, 2013 WL 4506787, at \*3–4 (holding that there was sufficient refusal-to-vacate evidence based in part on business records demonstrating notice). The Bank also filed a verified petition averring that "[d]espite the notice to vacate . . . [Gaber] failed to vacate and/or surrender possession."[13] *See Isaac v. CitiMortgage, Inc.*, 563 S.W.3d 305, 316 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (holding refusal-to-vacate evidence sufficient based in part on the bank's verified complaint); *Mekeel*, 355 S.W.3d at 359 (similar).

---

[12]Gaber does not argue that he did not receive notice to vacate.

[13]The Bank's verified justice court petition was accompanied by an affidavit averring that the facts alleged in the Bank's petition are "true and correct." The petition's sworn-to allegations include the statements that "Plaintiff [i.e., the Bank] gave Defendants [including Gaber] at least three (3) days' written Notice to Vacate the Property including demand to surrender possession of the Property to Plaintiff," and that "[d]espite the notice to vacate . . . Defendants have failed to vacate and/or surrender possession."

After the justice court entered judgment granting the Bank immediate possession of the Property, Gaber filed a bond to maintain possession pending his appeal to the county court at law. *See* Tex. Prop. Code Ann. § 24.0061. And during a temporary abatement in the county court at law case, Gaber paid rent into the court's registry as a condition of the abatement. Such bond and rent payments would have been unnecessary if Gaber did not have—and did not want to keep—immediate possession of the Property.[14]

Because the only issue in a forcible detainer action is the right to immediate possession of the premises, *Marshall*, 198 S.W.3d at 785–86, Gaber's appeal from the justice court's judgment was itself a tacit concession that he remained in possession after receiving the Bank's notice to vacate. *See Brittingham*, 2013 WL 4506787, at *3–4 (holding that there was sufficient refusal-to-vacate evidence based in part on appellant's tacit admission that he remained in possession by appealing judgment); *Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, at *6 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.) ("Rodriguez has tacitly conceded that she has remained in possession of the property by continuing to prosecute appeals from and superseding lower court judgments awarding Citimortgage possession.");

---

[14]Gaber also filed a post-judgment motion to determine the amount of the supersedeas bond, and in that motion, Gaber described the Property as his "residential homestead" and asked the county court at law to "permit Defendant to maintain possession of the Property without threat of eviction during the pendency of his appeal."

*Mekeel*, 355 S.W.3d at 359 (holding that there was sufficient refusal-to-vacate evidence based in part on the appellant's continued pursuit of appeals); *see also Casalicchio v. Fed. Home Loan Mortg. Corp.*, No. 01-19-00392-CV, 2021 WL 921779, at *5 (Tex. App.—Houston [1st Dist.] Mar. 11, 2021, no pet.) (mem. op.) (citing *Rodriguez* and holding similarly). And if Gaber had actually relinquished possession, "h[is] appea[l] regarding the parties' competing claims to possession would be moot." *Rodriguez*, 2011 WL 182122, at *6; *accord Marshall*, 198 S.W.3d at 790; *Brittingham*, 2013 WL 4506787, at *3–4. Because there is legally sufficient evidence of Gaber's refusal to vacate the Property, we overrule Gaber's final point.

### III. Conclusion

Having overruled Gaber's five points, we affirm the trial court's judgment.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: November 18, 2021

12