Opinion issued May 19, 2016



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00730-CV

————————————

**SHEA PALAVAN, Appellant**

**V.**

**BRIAN MCCULLEY, TBW DEVELOPMENT, LLC, AND BOULEVARD REALTY, LLC, Appellees**

---

On Appeal from County Civil Court at Law No. 3
Harris County, Texas
Trial Court Case No. 1047954-002

---

## O P I N I O N

The county court at law dismissed with prejudice the appeal filed by appellant,

Shea Palavan, from an agreed judgment that Palavan had entered into with appellees,

Brian McCulley, TBW Development, LLC, and Boulevard Realty, LLC, in a justice

of the peace court. The county court likewise denied Palavan's application for writ

of certiorari based on the same agreed judgment. Subsequently, the county court granted McCulley and TBW Development's motion for summary judgment on their breach of contract claims against Palavan. In five issues on appeal, Palavan argues (1) the county court improperly dismissed his appeal, (2) the county court improperly dismissed his application for writ of certiorari, (3) fact issues remained on McCulley and TBW Development's breach of contract claim, (4) the county court improperly granted summary judgment on McCulley and TBW Development's declaratory judgment action, and (5) dismissal of Palvan's claims mooted McCulley and TBW Development's breach of contract claims.

We affirm.

## Background

Palavan rents a home in Houston, Texas. TBW Development began construction on an adjacent property. On July 9, 2013, Palavan filed suit in a justice of the peace court against McCulley, TBW Development, and Boulevard Realty, alleging trespass, nuisance, and trespass to chattels. The defendants answered, and trial was set for March 20, 2014.

On the date of the trial, the parties entered into an agreed judgment. The agreed judgment provides,

> Came on for trial the above styled case. After considering the issues of the case with the Judge, the parties announced they reached a settlement in the case as to all claim of plaintiff[,] as to any parties to the litigation[,] or otherwise. TBW Development LLC, Boulevard

Realty, LLC[,] and Brian McCulley are dismissed with prejudice from this litigation. Plaintiff accepts the settlement of $1[,]200 as complete satisfaction of all claims or causes of action, pled or otherwise, which arise out of or relate to the claims for damages as alleged in this Litigation. TBW Development LLC's claims against any contractor for the sums paid under the settlement shall not be released o[r] affected by this settlement. The $1[,]200 shall b[e] paid by counsel for Defendants Brian McCulley and/or TBW Development LLC to Shea Palavan by April 19, 2014. Based upon the settlement this court ORDERS:

All claims of [plaintiff] Shea Palavan against all Defendants in this Litigation are hereby dismissed with prejudice.

Twenty days later, Palavan filed a notice of appeal and application for writ of certiorari in the county court. Palavan also filed a memorandum in support of both filings. Attached to the memorandum was Palavan's affidavit. In the affidavit, Palavan identified a number of alleged actions taken by the justice of the peace and the defendants that he considered to be unfair or improper, including defendants' being allowed to serve him with "voluminous amounts of discovery [requests]," his not being allowed to serve defendants with discovery, defendants' presenting one settlement offer and refusing to further negotiate, the court's denial of his jury request, the court's "refus[al] to acknowledge" two of his claims, and the court's refusal to allow his girlfriend to testify. Palavan continued,

After ignoring two of Plaintiff's claims, the Justice Court asked if Defendants' unreasonable settlement offer—which they refused to negotiate on—was still on the table. Having refused to hear any evidence from Plaintiff, Plaintiff felt his only options were (1) to dismiss his claims since the Justice Court seemed uninterested in properly trying the case, or (2) settle with Defendants and appeal the case to get a proper trial. Thus, rather than giving up his valid, proper

3

claims, Plaintiff decided to agree in court and appeal from the many injustices he faced in the Justice Court.

The defendants filed motions to dismiss the appeal and deny the application for the writ of certiorari. In the motions, they argued that the appeal and application were barred by waiver and estoppel because Palavan had settled the suit, agreed to dismiss them from the suit, and accepted $1,200 in satisfaction of his claims. McCulley and TBW Development also filed counterclaims for breach of contract, alleging that the appeal and application were violations of the settlement agreement.

In his response, Palavan argued that he had properly appealed the judgment from the justice of the peace and that the agreed judgment was not enforceable. For his enforceability argument, Palavan argued that the agreed judgment had been obtained by fraud and that he had not consented to the agreed judgment. The county court granted the defendants' motions, dismissed with prejudice Palavan's claims against the defendants, and denied Palavan's application for writ of certiorari.

Palavan filed a notice of appeal in this Court. We later dismissed for lack of jurisdiction.[1] During the pendency of that appeal, McCulley and TBW Development filed a motion for summary judgment. McCulley and TBW Development argued that Palavan breached the settlement agreement by appealing the agreed judgment

---

[1] *See Palavan v. McCulley*, No. 01-14-00604-CV, 2015 WL 1544520, at *1–*2 (Tex. App.—Houston [1st Dist.] Apr. 2, 2015, no pet.) (mem. op.).

and that they were entitled to recover attorneys' fees incurred in getting the appeal dismissed and application denied. Palavan argued they could not recover because the agreed judgment had become void upon his appeal of the judgment; the agreed judgment was signed under a mutual or unilateral mistake; McCulley and TBW Development could not recover because they had unclean hands; the agreed judgment was illegal, ambiguous, contrary to public policy, and fraudulently induced; McCulley and TBW Development were estopped from enforcing the agreed judgment; his appealing the agreed judgment did not constitute a breach of the settlement agreement; and McCulley and TBW Development were not harmed by any alleged breach.

After we dismissed the earlier appeal, McCulley and TBW Development amended their counter-petition, adding a claim for declaratory relief. Specifically, they requested that the county court "construe the Agreed Judgment as a binding Settlement Agreement of all claims of [Palavan] against [McCulley and TBW Development] in the underlying dispute."

The county court granted McCulley and TBW Development's motion for summary judgment. The order awarded McCulley and TBW Development $5,153.62 in damages along with attorneys' fees for unsuccessful appeals and appellate motions. The order provided, "This judgment disposes of all parties and claims and is a final judgment."

## Motions to Dismiss

In his first issue, Palavan argues that the county court improperly dismissed his appeal. In his second issue, Palavan argues that the county court improperly dismissed his application for writ of certiorari.

The defendants argued in their motions to dismiss that Palavan could not bring his appeal and application for writ of certiorari because of the agreed judgment. Specifically, they argued the appeal and application were barred by waiver and estoppel because Palavan had settled the suit, agreed to dismiss them from the suit, and accepted $1,200 in satisfaction of his claims. In his response, Palavan argued that he had properly appealed the judgment from the justice of the peace and that the agreed judgment was not enforceable. For his enforceability argument, Palavan argued that the agreed judgment had been obtained by fraud and that he had not consented to the agreed judgment.

On appeal, Palavan frames the issue as a jurisdictional question. He argues that the agreed judgment did not deprive the county court of jurisdiction for his appeal and application. We agree that "an agreed judgment in the justice court does not deprive the county court of jurisdiction to hear the case in a trial de novo." *Mullins v. Coussons*, 745 S.W.2d 50, 50 (Tex. App.—Houston [14th Dist.] 1987, no writ). This does not mean, however, that the grounds for dismissal presented in the defendants' motions—Palavan's claims being barred by waiver and estoppel due to

6

the agreed judgment—were wrong. *See id.* at 51 (holding agreed judgment presents question of waiver or estoppel rather than question of jurisdiction).

A party may appeal a judgment from a justice of the peace court to a county court at law. TEX. CIV. PRAC. & REM. CODE ANN. § 51.001(a) (Vernon 2015); TEX. R. CIV. P. 506.1(a). "An appeal is perfected when a bond, cash deposit, or statement of inability to pay is filed in accordance with this rule." TEX. R. CIV. P. 506.1(h). "[I]t is well-settled that perfection of an appeal to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court." *Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

It is undisputed that Palavan perfected his appeal to the county court. *See* TEX. R. CIV. P. 506.1(h). Accordingly, the judgment of the justice of the peace court was vacated and annulled. *See Villalon*, 176 S.W.3d at 69–70. Palavan argues that, as a result, the agreed judgment did not bar his claims before the county court. We disagree.

Agreed judgments are based on agreements between the parties and are construed as contracts. *See Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 422 (Tex. 2000) (holding agreed judgments are construed in same manner as contract); *Hicks v. Hicks*, 348 S.W.3d 281, 283 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding agreed judgments are treated as contract between parties). While the

judgment itself was vacated, the contract between the parties remained. Accordingly, the contract can be enforced, subject to the regular defenses available to contract actions raised by the opposing party.[2] *See In re Build by Owner, LLC*, No. 01-11-00513-CV, 2011 WL 4612790, at *7 (Tex. App.—Houston [1st Dist.] Oct. 6, 2011, no pet.) (mem. op.) (holding settlement agreement can be enforced as contract even when party prevents settlement from becoming judgment and holding defending party can assert defenses to contract enforcement).

Palavan raises a number of grounds for why the settlement agreement cannot be enforced. As an initial ground, Palavan argues that it is not a settlement agreement. This argument rests on the legal proposition that "a party's signature attesting to the form and substance of a judgment standing alone is insufficient to establish a consent judgment." *Underwater Servs., Inc. v. Offshore Drilling Co.*, No. 01-11-00889-CV, 2013 WL 2096640, at *7 (Tex. App.—Houston [1st Dist.]

---

[2]   To enforce a settlement agreement where consent was withdrawn *before* judgment was entered, the complaining party must assert a breach of contract claim and obtain judgment through summary judgment or trial. *Staley v. Herblin*, 188 S.W.3d 334, 336 (Tex. App.—Dallas 2006, pet. denied). We do not need to resolve whether the same rule applies in this circumstance, however, because Palavan has not challenged Realty Boulevard's failure to assert a breach of contract claim in its pleadings and has not argued that the motions to dismiss were substantively different than a motion for summary judgment. *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991) (holding unpleaded claims or defenses that are tried by express or implied consent of parties are treated as if they had been raised by pleadings even in summary judgment proceedings); *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (holding nature of motion is determined by its substance, not its title); *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (holding appellate courts cannot reverse judgment on grounds not raised on appeal).

8

2013, no pet.) (mem. op.) (citing *Hicks*, 348 S.W.3d at 283). Nevertheless, the body of a consent judgment indicating the parties' consent is sufficient. *Hicks*, 348 S.W.3d at 283.

Here, the judgment was entitled "Agreed Judgment," asserted that the parties had reached a settlement of the claims, identified the terms of the settlement, and was signed by Palavan, agreeing "as to form and substance." We hold this is sufficient evidence of a settlement agreement between the parties.

Next, Palavan argues that his agreement to settle was subject to his right to appeal the judgment to the county court. His evidence for this is based on the affidavit he attached to his notice of appeal to the county court. In his affidavit, Palavan identified a number of alleged actions taken by the justice of the peace and the defendants that he considered to be unfair or improper, including defendants' being allowed to serve him with "voluminous amounts of discovery [requests]," his not being allowed to serve defendants with discovery, defendants' presenting one settlement offer and refusing to further negotiate, the court's denial of his jury request, the court's "refus[al] to acknowledge" two of his claims, and the court's refusal to allow his girlfriend to testify. Palavan continued,

> After ignoring two of Plaintiff's claims, the Justice Court asked if Defendants' unreasonable settlement offer—which they refused to negotiate on—was still on the table. Having refused to hear any evidence from Plaintiff, Plaintiff felt his only options were (1) to dismiss his claims since the Justice Court seemed uninterested in properly trying the case, or (2) settle with Defendants and appeal the

9

case to get a proper trial. Thus, rather than giving up his valid, proper claims, Plaintiff decided to agree in court and appeal from the many injustices he faced in the Justice Court.

Palavan also relies on this evidence as support for his other grounds for avoiding the contract, including ambiguity, mutual mistake, unilateral mistake, fraud, illegality, unclean hands, unconscionability, and equitable estoppel.

Palavan's argument for each of these grounds, which he contends is supported by his affidavit, is that "prior to, during, and after signing [the agreed judgment], [Palavan] made clear his disagreement and non-consent to the Agreed Judgment." Throughout his brief, Palavan argues his affidavit presents some evidence that he made the parties and the justice of the peace aware of his objections to the proceedings and the agreed judgment and that everyone knew he was signing the agreed judgment subject to those objections.

Palavan's affidavit does not support this assertion, however. Palavan averred in his affidavit that he "felt" he could only dismiss the suit or settle with the defendants and that he "decided" to settle the claims. Nowhere in his affidavit or any other evidence in the record is there any proof that Palavan voiced these feelings and decisions to anyone other than himself.

"For an agreement to be enforceable, there must be a meeting of the minds with respect to the subject matter of the agreement and as to all of its essential terms." *Ludlow v. DeBerry*, 959 S.W.2d 265, 272 (Tex. App.—Houston [14th Dist.] 1997,

10

no writ).  In order to determine whether there was a meeting of the minds, we consider only the parties' objective manifestations of assent, not their subjective states of mind.  *Adams v. Petrade Int'l., Inc.*, 754 S.W.2d 696, 717 (Tex. App.—Houston [1st Dist.] 1988, writ denied).  "[A] party manifests its assent by signing an agreement."  *Rachal v. Reitz*, 403 S.W.3d 840, 845 (Tex. 2013).  Without any proof that any of the other parties or the justice of the peace were even aware of Palavan's internal thoughts and decisions, they cannot form the basis of avoiding the plain terms of the settlement agreement.  *See Adams*, 754 S.W.2d at 717.

We hold there is sufficient evidence in the record to support the defendants' argument that Palavan's claims in the county court were barred by the settlement agreement.  We further hold there is no evidence in the record to establish that the contract cannot be enforced against Palavan.  Accordingly, there was no error in the county court's dismissal of Palavan's claims against the defendants and denial of his application for writ of certiorari.  We overrule Palavan's first two issues.

## Summary Judgment

In his third issue, Palavan argues fact issues remained on McCulley's and TBW Development's breach of contract claims.  In his fifth issue, Palavan argues dismissal of his claims mooted McCulley's and TBW Development's breach of contract claims.

## A. Standard of Review

The summary-judgment movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

To prevail on a "traditional" summary-judgment motion asserted under Rule 166a(c), a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

When it moves for summary judgment on a claim for which it bears the burden of proof, a party must show that it is entitled to prevail on each element of its cause of action. *See Parker v. Dodge*, 98 S.W.3d 297, 299 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The party meets this burden if it produces evidence that would be sufficient to support an instructed verdict at trial. *Id.*

To determine whether there is a fact issue in a motion for summary judgment, we review the evidence in the light most favorable to the non-movant, crediting

favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller,* 168 S.W.3d at 827). We indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

## B.    Analysis

Palavan argues that there is no proof that he breached the settlement agreement because the agreement "contains no promise whatsoever by [him]. Without a promise by [him] to do, or not to do, something, there simply can be no breach by him."

"In construing a contract, a court must ascertain the true intentions of the parties as expressed in the writing itself." *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011) (citing *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003)). "We begin this analysis with the contract's express language." *Id.* (citing *Progressive Cnty. Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 807 (Tex. 2009)). "We give contract terms their plain and ordinary meaning unless the instrument indicates the parties intended a different meaning." *Dynegy Midstream Servs., Ltd. P'ship v. Apache Corp.*, 294 S.W.3d 164, 168 (Tex. 2009).

We find no support for Palavan's claim that the agreement places no breachable obligations on him. The settlement agreement, as reflected in the agreed judgment, provided that the defendants would be dismissed from the suit and that Palavan would accept $1,200 "as complete satisfaction of all claims or causes of action, pled or otherwise, which arise out of or relate to the claims for damages as alleged in this Litigation." By appealing the agreed judgment, Palavan breached his obligation to have the defendants dismissed from the suit and to accept the payment of $1,200 as satisfaction all of his claims.

Palavan argues that the plain language of the agreed judgment reflects that he did not agree to dismiss his claims. "[T]o the contrary, the plain language indicates that the *JP court itself* dismissed the claims." Of course, the justice of the peace court dismissed Palavan's claims pursuant to an agreement to which Palavan was a party and agreed. Accordingly, Palavan agreed to have his claims dismissed by the justice of the peace.

In support of his claim that he did not breach the settlement agreement, Palavan relies on *National Property Holdings, L.P. v. Westergren*, 453 S.W.3d 419 (Tex. 2015). In *Westergren*, National Property Holdings had participated in settlement of a suit to which it was not a party. *Id.* at 422. Pursuant to the settlement agreement, certain property in dispute among the litigants would be sold to National Property Holdings. *Id.* In the process, National Property Holdings orally promised

14

Westergren to make certain payments to him. *Id.* Later, National Property Holdings made a partial payment to Westergren, and Westergren signed a release of of all claims against National Property Holdings. *Id.* Westergren did not realize until later that he had signed a release and brought suit against National Property Holdings. *Id.* National Property Holdings asserted a breach of contract claim based on Westergren's filing suit after signing the release. *Id.*

The Supreme Court of Texas held that the language of the release created an affirmative defense to Westergren's suit, but the release did not include a covenant not to sue. *Id.* at 428. To the contrary, the release contemplated suit by providing that the release would act "as an absolute bar to the suit—in other words, it provides the parties with an affirmative defense." *Id.*

Here, however, Palavan agreed to dismiss the defendants from the suit. By filing his notice of appeal, Palavan kept the defendants in the suit and continued to pursue his claims against them. This is a breach of the settlement agreement.

Next, Palavan argues that, even if he did breach the settlement agreement, there is no proof that McCulley and TBW Development suffered any damages. He argues that McCulley and TBW Development's damages were the attorneys' fees incurred in defending the suit and that "[c]ourts have long distinguished attorneys' fees from damages." *See, e.g.*, *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 172 (Tex. 2013).

One of the grounds upon which McCulley and TBW Development sought attorneys' fees was under section 38.001 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 2015). In order to recover attorneys' fees under this section, the party seeking fees must be the prevailing party. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Typically, for breach of contract claims, this requires obtaining actual damages. *See id.* Obtaining specific performance of a contract can also make the party a prevailing party. *Boyaki v. John M. O'Quinn & Assocs., PLLC*, No. 01-12-00984-CV, 2014 WL 4855021, at *13–*14 (Tex. App.—Houston [1st Dist.] Sept. 30, 2014, pet. denied) (mem. op.). Thus, a party is a prevailing party by "obtain[ing] an award of specific enforcement of [a] settlement agreement and an end to the ongoing litigation in the case." *Id.* at *14.

Here, McCulley and TBW Development obtained specific performance of their settlement agreement with Palavan by having Palavan's claims against them dismissed. McCulley and TBW Development were prevailing parties and were entitled to an award of attorneys' fees.

For the same reason, Palavan's arugment that the dismissal of his claims mooted McCulley's and TBW Development's breach of contract claims must fail. Dismissal of Palavan's claims established that McCulley and TBW Development prevailed, not that their claims were mooted. *See id.* at *13–*14.

16

We overrule Palavan's third and fifth issues.

## Declaratory Judgment Action

In his fourth issue, Palavan argues the county court improperly granted summary judgment on McCulley and TBW Development's declaratory judgment action. Even if we agreed with Palavan, however, he has failed to establish how he has been injured by a dismissal of McCulley and TBW Development's declaratory judgment action. *See CBS Outdoor, Inc. v. Potter*, No. 01-11-00650-CV, 2013 WL 269091, at *17 (Tex. App.—Houston [1st Dist.] Jan. 24, 2013, pet. denied) (mem. op.) ("In order to obtain reversal on appeal, the appellant must show that it suffered harm as a result of an alleged error.").

We overrule Palavan's fourth issue.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

17