

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MICHELLE PEREZ and ENRIQUE MARQUEZ, | § | No. 08-14-00249-CV |
| | § | |
| Appellants, | | Appeal from the |
| | § | |
| v. | | County Court at Law No. 6 |
| | § | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | | of El Paso County, Texas |
| | § | |
| | | (TC#2014-CCV01142) |
| Appellee. | § | |

**<u>MEMORANDUM OPINION</u>**

Real property previously owned by Appellants Michelle Perez and Enrique Marquez was sold at foreclosure to Federal Home Loan Mortgage Corporation. Federal sought to evict Appellants but was unsuccessful in a forcible detainer action filed in justice court.[1] Federal appealed to county court. The county court granted Federal's summary judgment motion for possession of the property. On appeal to this Court, Appellants contends in a single issue that the

---

[1] A forcible detainer action is designed to determine the right to immediate possession of real property where there is no claim of unlawful entry. *Mekeel v. U.S. Bank Nat. Ass'n*, 355 S.W.3d 349, 352 (Tex.App. – El Paso 2011, pet. dism'd); *Williams v. Bank of New York Mellon,* 315 S.W.3d 925, 926 (Tex.App. – Dallas 2010, no pet.); *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex.App. – Dallas 2001, no pet.). Under Texas law, a tenant who refuses to surrender possession of the property on demand commits a forcible detainer. TEX. PROP. CODE ANN. § 24.002(a) (West 2014). This includes a tenant by sufferance, which includes the occupant at the time of the foreclosure of a lien superior to the occupant's right of possession. *Id*. at § 24.002(a)(2).

trial court erred in granting summary judgment, asserting that Federal failed to establish its right to judgment as a matter of law. We affirm.

## MOTION TO DISMISS

As an initial matter, we must decide if we should dismiss the underlying case as requested by Appellants. After this case was fully briefed, Appellants filed a motion to dismiss the underlying forcible detainer case, arguing that Federal now lacks standing because Appellants obtained a default judgment in a separate wrongful foreclosure action that set aside the foreclosure deed and declared it "for naught." The default judgment states on its face, however, that Appellants had already non-suited their claims against Federal before obtaining the default judgment against two remaining parties. Appellants do not explain how Federal is bound by a default judgment to which it was not a party. *See Cabello v. Nw. Nat'l Ins. Group*, No. 08-99-00281-CV, 2000 WL 1514095, at *3-4 (Tex.App. – El Paso Oct. 12, 2000, no pet.) (not designated for publication) (default judgment could not support issue preclusion, and proponent failed to show how default judgment could support claim preclusion against a non-party). In any event, the default judgment on which Appellants rely to support dismissal no longer exists. Shortly after the default judgment was rendered, the two remaining parties who were subject to the default judgment removed the case to federal court. The federal court—at Appellants' request—subsequently dismissed the entire case. Accordingly, we deny Appellants' motion to dismiss.

## MERITS OF THE APPEAL[2]

---

[2] We review a trial court's order granting summary judgment de novo. *Stierwalt v. FFE Transp. Servs., Inc.*, No. 08-14-00107-CV, 2016 WL 3911264, at *9 (Tex.App. – El Paso July 15, 2016, n. pet. h.) (citing *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015)); *Ordonez v. Solorio*, 480 S.W.3d 56, 64 (Tex.App. – El Paso 2015, no pet.) (citing *Shell Oil Co. v. Writt,* 464 S.W.3d 650, 654 (Tex. 2015)). The summary-judgment movant must conclusively

As part of its summary judgment evidence, Federal submitted a certified copy of a December 20, 2006 deed of trust on the property which secured the original home loan made to Appellants by State National Bank. In the deed of trust, Appellants agreed to "immediately surrender possession of the Property to the purchaser" at a foreclosure sale, and if not, they would be "a tenant at sufferance" who could "be removed by writ of possession or other court proceeding." Appellants also agreed that any recitals in the foreclosure sale deed would "be prima facie evidence of the truth of the statements made therein."

Federal also submitted a certified copy of the foreclosure sale deed under which it claimed its right to immediate possession of the property. This deed recited that the property was subject to the December 20, 2006 deed of trust, that State National Bank was the original mortgagee, that Bank of America was the current mortgagee, that Bank of America had appointed the substitute trustee who executed the foreclosure sale deed, and that Federal had purchased the property at a foreclosure sale held October 2, 2012.

Appellants first argue that the foreclosure deed Federal placed into evidence was insufficient to show Federal's right to possession of the property.[3] In particular, they contend Federal failed to connect the dots in the chain of title, arguing that Federal failed to present any

_____

establish its right to judgment as a matter of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003); *Palavan v. McCulley*, No. 01-15-00730-CV, 2016 WL 2953971, at *5 (Tex.App. – Houston [1st Dist.] May 19, 2016, no pet.) (citing *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex. 1986)). When a party moves for summary judgment on a claim for which it bears the burden of proof, it must show that it is entitled to prevail on each element of its cause of action. *Palavan*, 2016 WL 2953971, at *5; *see also Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex.App. – Houston [14th Dist.] 2005, pet. denied). We review the evidence in the light most favorable to the nonmovant, *Ordonez*, 480 S.W.3d at 64 (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 824 (Tex. 2005)), taking "all evidence favorable to the nonmovant as true and indulge every reasonable inference in the nonmovant's favor." *Stanfield v. Neubaum*, No. 15-0387, 2016 WL 3536865, at *3 (Tex. June 24, 2016) (quoting *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex. 1996)).

[3] While Appellants filed evidence in response to Federal's motion for summary judgment, Appellants do not argue on appeal that their responsive evidence raised a fact issue, only that Federal's evidence was insufficient to entitle it to summary judgment.

evidence that Bank of America was the legal holder of the promissory note at the time of foreclosure, rather than State National Bank, the original lender. They also argue that even if Bank of America was the legal holder at the time of the foreclosure sale, there is no evidence the substitute trustee who signed the foreclosure sale deed had been properly substituted for the original trustee as the person with the legal authority to make the transfer. We disagree for several reasons.

First, Appellants agreed in their deed of trust that the recitals in any foreclosure sale deed would be "prima facie evidence of the truth of the statements made therein." The foreclosure sale deed recites that Bank of America was the current mortgagee at the time of the foreclosure sale, and that Bank of America had appointed as substitute trustee the individual who executed the foreclosure sale deed. These recitals were effective as prima facie evidence and were conclusive unless rebutted. *See Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) (recitals in a trustee's deed give rise to a presumption of validity of the sale but are not conclusive if rebutted). They were not rebutted.

Second, Federal was not required to prove title to be entitled to immediate possession of the property. A plaintiff is not required to prove title in a forcible detainer action, but is only required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession of the premises. *Mekeel v. U.S. Bank Nat. Ass'n*, 355 S.W.3d 349, 353 (Tex.App. – El Paso 2011, pet. dism'd); *Gibson v. Dynegy Midstream Servs., L.P.,* 138 S.W.3d 518, 522 (Tex.App. – Fort Worth 2004, no pet.); *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex.App. – Dallas 2001, no pet.). A certified foreclosure sale deed, along with the underlying deed of trust and notice to vacate, is sufficient to demonstrate a superior right to immediate possession of the

4

premises. *See Mekeel*, 355 S.W.3d at 357; *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex.App. – Dallas 2010, pet. dism'd w.o.j.); *Williams v. Bank of New York Mellon,* 315 S.W.3d 925, 927 (Tex.App. – Dallas 2010, no pet.).

Third, irregularities in the foreclosure process or deficiencies in the purchaser's title "may not be considered in a forcible detainer action." *Schlichting v. Lehman Bros. Bank FSB,* 346 S.W.3d 196, 199 (Tex.App. – Dallas 2011, pet. dism'd). A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Housing Auth. of the City of San Antonio,* 198 S.W.3d 782, 787 (Tex. 2006); *Mekeel*, 355 S.W.3d at 352. The only issue is the right to actual possession, and the merits of title cannot be adjudicated. *Mekeel*, 355 S.W.3d at 352-53; *Williams*, 315 S.W.3d at 927; TEX. R. CIV. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title."). Claims of irregularities in the foreclosure sale and deficiencies in title "must be pursued, if at all, in a separate suit for wrongful foreclosure or to set aside the substitute trustee's deed." *Schlichting,* 346 S.W.3d at 199 (citing *Shutter,* 318 S.W.3d at 471); *Mekeel*, 355 S.W.3d at 357, 358; *Williams*, 315 S.W.3d at 927; *see* TEX. R. CIV. P. 510.3(e) ("A claim that is not asserted because of this rule can be brought in a separate suit in a court of proper jurisdiction.").

Fourth, even if a title dispute exists, when as here the deed of trust establishes a landlord-tenant relationship at sufferance,[4] that relationship provides an independent basis for determining the right to immediate possession without resolving the ultimate issue of title to the property. *Mekeel*, 355 S.W.3d at 353; *Dormady v. Dinero Land & Cattle Co., L.C.,* 61 S.W.3d

---

[4] The language in the deed of trust requiring Appellants to immediately surrender possession of the property to the purchaser at the foreclosure sale and that if not, they became tenants-at-sufferance who could be removed by writ of possession, was sufficient to establish a landlord/tenant-at-sufferance relationship between Federal and Appellants. *See Black v. Washington Mut.*, 318 S.W.3d 414, 417 (Tex.App. – Houston [1st Dist.] 2010, pet. dism'd w.o.j.).

555, 558 (Tex.App. – San Antonio 2001, pet. dism'd w.o.j.); *see also Reardean v. Fed. Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *3 (Tex.App. – Austin Aug. 14, 2013, no pet.) (mem. op.).

Finally, the courts have consistently held that in order to establish a superior right of possession, a purchaser at a foreclosure sale in not required to "connect the dots" in the chain of title between the underlying deed of trust and the substitute trustee's foreclosure deed. *See, e.g., Stephens v. Fed. Home Loan Mortg. Corp.,* No. 02-10-00251-CV, 2011 WL 1532384, at *2 (Tex.App. – Fort Worth Apr. 21, 2011, no pet.) (mem. op.) (holding purchaser not required to "connect the dots" between original lender and mortgage servicer regarding title; substitute trustee's deed evidenced Federal Home purchased property following appellant's default); *Deubler v. Bank of New York Mellon,* No. 02-10-00125-CV, 2011 WL 1331540, at *2 (Tex.App. – Fort Worth Apr. 7, 2011, no pet.) (mem. op.) (holding purchaser at foreclosure sale not required to present evidence establishing link between deed of trust and substitute trustee's foreclosure sale deed to establish superior right to possession). We conclude the foreclosure deed Federal submitted as summary judgment evidence was sufficient to establish Federal's right to immediate possession of the property.

Appellants also contend Federal failed to show they received the notice to vacate more than three days before Federal filed its forcible detainer action in justice court. In this regard, the Property Code requires that the demand for possession be in writing and, when the occupant is a tenant by sufferance, be given at least three days before the forcible detainer suit is filed. TEX. PROP. CODE ANN. §§ 24.002(b); 24.005(b) (West 2014 & Supp. 2016). This notice period is calculated from the day the written notice is delivered. *Id*. at § 24.005(g) (West 2014 & Supp.

6

2016).  Proper notice is an element of a forcible detainer action.  *Briones v. Brazos Bend Villa Apts.*, 438 S.W.3d 808, 815 (Tex.App. – Houston [14th Dist.] 2014, no pet.); *Murphy v. Countrywide Home Loans, Inc.,* 199 S.W.3d 441, 446-47 (Tex.App. – Houston [1st Dist.] 2006, pet. denied).

Federal filed its forcible detainer action in justice court on March 7, 2014, alleging that it provided the notice to vacate to Appellants on February 28, 2014, by certified and first class mail. As summary judgment evidence, Federal submitted the business records affidavit of the "eviction coordinator" for Federal's eviction counsel who averred that she mailed the notice to vacate and demand for possession by both certified and first class mail on February 28, 2014.  In her affidavit, the eviction coordinator incorporated and attached a copy of the notice letter and a copy of both the first class and the certified mail envelopes used to mail the notice.  Both envelopes were properly addressed to Appellants and stamped with prepaid postage.  She further averred that the first class mailer was not returned.  A copy of the certified mailer was also incorporated and attached to the affidavit.  It had been stamped by the post office as "unclaimed."  In response, Appellants did not present any summary judgment evidence denying receipt or otherwise showing non-receipt.

When a letter, properly addressed with prepaid postage, is mailed, there exists a presumption that the notice was duly received by the addressee.  *Thomas v. Ray,* 889 S.W.2d 237, 238 (Tex. 1994).  This presumption may be rebutted by proof of non-receipt.  *Id.*  In the absence of proof to the contrary, however, the presumption has the force of a rule of law.  *Id.*

We conclude Federal's summary judgment evidence established the presumption that notice was duly received by Appellants, and because Appellants presented no evidence to rebut

7

that presumption, they failed to raise a fact issue of due delivery. S*ee Khalilnia v. Fed. Home Loan Mortgage Corp.*, No. 01-12-00573-CV, 2013 WL 1183311, at \*3-4 (Tex.App. – Houston [1st Dist.] Mar. 21, 2013, pet. denied) (mem. op.) (holding, in forcible detainer action, that foreclosure buyer established delivery of notice to vacate by providing summary judgment evidence that the notice was sent by both certified and first class mail, properly addressed with prepaid postage, and the first class mailer was unreturned); *Fashakin v. Fed. Home Loan Mortgage Corp.*, No. 14-11-01079-CV, 2013 WL 1316694, at \*2 (Tex.App. – Houston [14th Dist.] Apr. 2, 2013, pet. denied) (mem. op.) (holding, in forcible detainer action, that foreclosure buyer established delivery of notice to vacate by providing summary judgment evidence that the notice was sent by certified mail, properly addressed with prepaid postage, and the certified mailer was returned unclaimed); *Ramey v. Bank of New York,* No. 14-06-00824-CV, 2010 WL 2853887, at \*3 (Tex.App. – Houston [14th Dist.] July 22, 2010, no pet.) (mem.op.) (holding landlord established delivery of notice to vacate because it proved letter was sent to tenant by certified and first class mail and there was no evidence negating receipt of the first class letter). Appellants' sole issue on appeal is overruled.[5]

---

[5] After Federal filed its motion for summary judgment in the trial court, Appellants filed a no-evidence "counter motion for summary judgment" in which they argued that Federal had no evidence to show Appellants had received the notice of eviction at least three days before Federal filed its forcible detainer action in justice court. While Appellants set their counter motion to be heard on the same day as Federal's motion for summary judgment, the trial court signed only an order granting Federal's motion for summary judgment, giving Federal a judgment of possession against the property. The order specifically states that it is granting Federal's motion, and does not mention or make any reference to Appellants' counter motion. We find no indication in the record that the trial court addressed or ruled on Appellants' counter motion. Normally with cross-motions for summary judgment, we would consider all issues on appeal, but that rule applies only if the trial court granted one motion and denied the other. *See Comm'r of Gen. Land Office of State v. SandRidge Energy, Inc.*, 454 S.W.3d 603, 607 (Tex.App. – El Paso 2014, pet. abated) (on cross-motions for summary judgment, we review all questions presented when a trial court grants one motion and denies the other) (citing *City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 356-57 (Tex. 2000)). We have no record before us showing the trial court ruled on Appellants' counter motion, much less denied it. Accordingly, we do not address Appellants' contention that the trial court erred in denying their counter motion for summary judgment. In any event, because Federal presented evidence establishing a presumption of due receipt, which Appellants failed to rebut, the trial court could have properly denied Appellants' no-evidence motion.

**CONCLUSION**

The trial court's judgment is affirmed.

STEVEN L. HUGHES, Justice

August 31, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.

9